Alton M. THOMAS, Appellant,

v.

Ray PAGE, Warden, Oklahoma State Penitentiary, Appellee.

No. 8844.

United States Court of Appeals Tenth Circuit.

Oct. 28, 1966.

Richard D. Judd, Denver, Colo., for appellant.

No appearance for appellee.

Before PHILLIPS and SETH, Circuit Judges, and DOYLE, District Judge.

PER CURIAM.

The appellant appeals from the order of the United States District Court for the Eastern District of Oklahoma dismissing his petition for a writ of habeas corpus. The District Court found that the appellant's petition failed to disclose violation of any of appellant's constitutional rights, and also failed to disclose

that the appellant had exhausted all state remedies available to him.

The appellant urges that he has been deprived of equal protection of the laws and due process under the fourteenth amendment to the United States Constitution. The thrust of his argument is that he was improperly sentenced for attempted robbery. The facts disclosed by the record are as follows:

In early 1964 the appellant was tried and convicted in the District Court of Hughes County, Oklahoma, upon an information charging him with "attempted robbery with firearms, a second and subsequent offense." By including the words "a second and subsequent offense" with the charge of the substantive crime of attempted robbery with firearms the appellant's punishment, if convicted, would then be controlled by the Oklahoma habitual criminal statute, Okl. Stat.Ann., tit. 21, § 51 (Supp.1966). Moreover, the state trial court in the criminal case also instructed the jury that if it found the appellant was guilty " * * * of attempted burglary with a firearm, and also has been convicted of a felony, * * * you shall assess his punishment by imprisonment * * * for a period of time not less than five (5) years." Thomas v. State, 404 P.2d 71 (Okl.Crim.App.1965). The jury assessed the appellant's punishment at twelve years in prison.

By virtue of the information and the instruction to the jury, there seems little doubt that the jury was asked to consider both guilt and appropriate punishment in terms of a prior felony conviction. The appellant so states in his brief and the appellee has not seen fit to deny it. Title 21, § 801, Okl.Stat.Ann., sets the minimum prison sentence for robbery, or attempted robbery, with firearms at five years while the maximum punishment is death. Thus it is difficult to see how the habitual criminal statute could increase the punishment.

The appellant alleges that he was improperly sentenced to twelve years under the instruction applying § 51, paragraph 1, 21 Okl.Stat.Ann. (Supp.1966), which states:

"Every person who, having been convicted of any offense punishable by imprisonment in the penitentiary, commits any crime after such conviction, is punishable therefor as follows:

"1. If the offense of which such person is subsequently convicted is such that upon a first conviction an offender would be punishable by imprisonment in the penitentiary for any term exceeding five years, such person is punishable by imprisonment in the penitentiary for a term not less than the minimum of number of years authorized for a first conviction."

The appellant urges that instead the applicable statute was § 51, paragraph 3, 21 Okl.Stat.Ann. (Supp.1966), which states:

"If such subsequent conviction is for petit larceny, or for any attempt to commit an offense which, if committed, would be punishable by imprisonment in the penitentiary, then the person convicted of such subsequent offense is punishable by imprisonment in the penitentiary for a term not exceeding five years."

Thus, since the appellant's subsequent conviction was for attempted robbery with firearms, and he was charged and the jury instructed as above described, he urges that the sentence of twelve years erroneously exceeded by seven years the maximum sentence allowable under paragraph 3 of § 51 quoted above.

The appellant appealed his conviction to the Oklahoma Court of Criminal Appeals raising this issue, and that court affirmed his conviction and sentence, dismissing his contentions as to the maximum under the habitual criminal section as absurd in view of the five year minimum sentence prescribed under 21 Okl. Stat.1961 § 801 for attempted robbery. 404 P.2d at 73.

We find no issue presented other than the construction of the several Oklahoma

statutes. There is no reason to believe and no showing made that the statute is not uniformly applied. The due process and equal protection arguments are without substance.

Affirmed.