**Archie PRINGLE, Petitioner-Appellant,**

v.

**Dr. George J. BETO, Director, Texas Department of Corrections, Respondent-Appellee.**

No. 28609

Summary Calendar.

United States Court of Appeals, Fifth Circuit.

March 26, 1970.

Archie Pringle, pro se.

Crawford C. Martin, Atty. Gen. of Texas, Robert Luna, Asst. Atty. Gen., Austin, Tex., Nola White, First Asst. Atty. Gen., Pat Bailey, Executive Asst. Atty. Gen., Robert C. Flowers, Asst. Atty. Gen., Austin, Tex., for appellee.

Before WISDOM, COLEMAN, and SIMPSON, Circuit Judges.

PER CURIAM:

We have concluded on the merits that this case is of such character as not to justify oral argument. Accordingly, we have directed the Clerk to place the case on the Summary Calendar and to notify the parties of this fact in writing. See Huth v. Southern Pac. Co., 5 Cir. 1969, 417 F.2d 526, Part I; and Murphy v. Houma Well Service, 5 Cir. 1969, 409 F.2d 804, Part I; 5th Cir.R. 18.

Archie Pringle appeals from an order of the district court denying his petition for a writ of habeas corpus under 28 U.S.C. § 2254.

On our review of the record and for the reasons stated by District Judge Leo Brewster in his memorandum opinion, reprinted here, we affirm the judgment of the district court.

**516**

IN THE UNITED STATES DISTRICT
COURT FOR THE NORTHERN
DISTRICT OF TEXAS.
FORT WORTH DIVISION
No. CA-4-1278
ARCHIE PRINGLE
vs.
STATE OF TEXAS, ET AL
Filed: Aug. 6, 1969

MEMORANDUM ORDER DISMISS-
ING PETITION FOR WRIT OF
HABEAS CORPUS

Petitioner is confined in the Texas Department of Corrections under two 10-year sentences imposed on August 29, 1967. He alleges that the sentence in one case was "illegally cumulated" to begin when the sentence in the other case "ceased to operate", and that this cumulation violated Article 42.08, Texas Code of Criminal Procedure, Vernon's Ann. and the Fourteenth Amendment of the United States Constitution. He further alleges that the illegal sentencing procedure subjects him to an additional illegal prison servitude and prolongs his ineligibility for parole consideration. His petition reveals that the sentences were originally probated but that probation was subsequently revoked.

██ Petitioner's application raises only a question of state law. Conway v. Wilson, 9 Cir., 368 F.2d 485 (1966); Beto v. Sykes, 5 Cir., 360 F.2d 411 (1966); Thomas v. Page, 10 Cir., 368 F.2d 180 (1966). Further, it is apparent from the allegations of the application that the sentencing procedure followed was in perfect compliance with Article 42.08, which reads, in part, as follows:

"When the same defendant has been convicted in two or more cases * * * judgment and sentence shall be pronounced in each case in the same manner as if there had been but one conviction, except that in the discretion of the court, the judgment in the second and subsequent convictions may * * * be that the punishment shall begin when the judgment and sentence in the preceding conviction has ceased to operate * * *."

Petitioner's allegation is meritless. It is ordered that petitioner be granted leave to file his application for writ of habeas corpus without payment of filing fees or security for costs and to proceed in forma pauperis.

It is further ordered that the application for writ of habeas corpus be and the same is hereby dismissed.

Signed this 6th day of August, 1969.

(Signed) LEO BREWSTER
JUDGE