Otis George BELL, Petitioner-Appellant,

v.

W. J. ESTELLE, Jr., Director, Department of Corrections, Respondent-Appellee.

No. 75–1580.

United States Court of Appeals, Fifth Circuit.

Dec. 31, 1975.

Rehearing Denied Feb. 25, 1976.

Joseph P. Kelly, Victoria, Tex. (Court-appointed), for petitioner-appellant.

John L. Hill, Atty. Gen., Dunklin Sullivan, Patrick P. Rogers, Asst. Attys. Gen., Austin, Tex., for respondent-appellee.

Before BROWN, Chief Judge, GOLDBERG and RONEY, Circuit Judges.

PER CURIAM:

This is an appeal from the District Court's denial of appellant's petition for habeas relief. With the advice of retained counsel, appellant pled guilty in Texas court on May 1, 1972 to a charge of murder with malice. On May 18, 1972 a formal judgment was entered by the Court fixing the term of imprisonment at from 2 to 30 years. After a § 11.07 attack in the sentencing court in 1974, the sentence was amended *nunc pro tunc* on March 29, 1974 to a definitive term of 30 years. Appellant's state habeas application was denied on March 12, 1974, and

this denial was affirmed by the Texas Court of Criminal Appeals without a written order on April 10, 1974.

Appellant contends that the state trial court, in accepting his plea of guilty, failed to comply literally with Texas C.C.P., Art. 26.13 (1966), as amended 26.-13 (Supp.1974).[1]

■ Assuming, without deciding, that this was noncompliance by the State trial court with the requirements of the state statute, this does not raise a federal constitutional question, *Pringle v. Beto*, 5 Cir., 1970, 424 F.2d 515, especially in the light of the factually well founded holding that the plea of guilty was made knowingly and voluntarily.

■ Appellant also challenges the *nunc pro tunc* procedure by which his original indefinite sentence of 2 to 30 years was changed, without his participation, to a definitive sentence of 30 years. In his state habeas application, which was filed before his original 2 to 30 year sentence was amended, appellant asserted that an indefinite sentence, such as his, was not permitted by Texas law. *See Ex parte James F. Webb*, 168 Tex. Cr.R. 495, 329 S.W.2d 435 (1959). Prior to denying state habeas relief, the Texas Court of Criminal Appeals, by letter of March 26, 1974, instructed the trial court to correct appellant's faulty indefinite sentence by a *nunc pro tunc* proceeding.

It is obvious that appellant did not challenge the validity of the *nunc pro tunc* amendment of his sentence in that state habeas application, since that order had not yet been entered. Thus, appellant has not exhausted his state remedies with respect to this claim, and we of course will not rule on the merits of this issue until appellant has first given the Texas courts an opportunity to do so.

Affirmed.

1. At the time appellant was convicted, Art. 26.13 read as follows:

    "If the defendant pleads guilty, or enters a plea of nolo contendere, he shall be admonished by the court of the consequences; and neither of such pleas shall be received unless it plainly appears that he is sane, and is uninfluenced by any consideration of fear, or by any persuasion, or delusive hope of pardon, prompting him to confess his guilt."