Randolph Wayne JOHNSTON,
Petitioner-Appellant,

v.

W. J. ESTELLE, Director Texas
Department of Corrections,
Respondent-Appellee.

No. 75–3599.

United States Court of Appeals,
Fifth Circuit.

March 18, 1977.

Randolph Wayne Johnston, Pro Se.

Thomas T. Chamberlain, Jr., Fort Worth, Tex. (Court-appointed), for petitioner-appellant.

John L. Hill, Atty. Gen., Patrick P. Rogers, Asst. Atty. Gen., David M. Kendall, First Asst. Atty. Gen., Joe B. Dibrell, Asst. Atty. Gen., Austin, Tex., for respondent-appellee.

Before BROWN, Chief Judge, and HILL and FAY, Circuit Judges.

JAMES C. HILL, Circuit Judge:

From the judgment of the District Court for the Northern District of Texas denying, without an evidentiary hearing, his 28 U.S.C.A. § 2254 habeas corpus petition, Randolph Wayne Johnston appeals to this Court.

On January 7, 1954, petitioner, represented by retained counsel, entered pleas of guilty in the 29th Judicial District Court, Hood County, Texas to three counts of burglary and to one count of felony theft. Johnston received a 12 year sentence on each burglary count and a four year sentence on the theft count. Each sentence was to be served consecutively. No appeal was taken from these convictions.

At a later date, it became apparent that the judgment forms recited that petitioner had received a punishment of "from two to twelve years" for each burglary count and "from two to four years" for the theft count.

In October, 1957, Johnson attacked the four felony judgments, alleging that they were void as being indeterminate. The State brought nunc pro tunc proceedings to have the judgments corrected to conform with the sentences actually given.

Petitioner's counsel at the time of the guilty pleas testified that indeed the trial judge had not sentenced the petitioner to an indeterminate sentence. Contrary to petitioner's contention, the trial court held that the recitals in the judgment forms were the result of a clerical and not a judicial error. The Texas Court of Criminal Appeals affirmed the findings and conclusions of the trial court. *Johnson v. State*, 168 Tex.Cr.R. 79, 323 S.W.2d 449 (1959).

Petitioner, however, has continued to maintain throughout a subsequent state habeas proceeding and in his petition before the District Court that the actual sentences pronounced were indeterminate and that error has occurred.

■ Assuming that the allegations of the petition are true, we need not reach the merits of this issue since it is clear that no violation of the constitutional rights of petitioner has been alleged. Hence the claim is not cognizable under 28 U.S.C.A. § 2254 and was properly denied. *Willeford v. Estelle*, 538 F.2d 1194 (5th Cir. 1976); *Bell v. Estelle*, 525 F.2d 656 (5th Cir. 1976); *Pringle v. Beto*, 424 F.2d 515 (5th Cir. 1970).

Also in his petition before the District Court, petitioner alleges that error of constitutional magnitude occurred in that he did not waive his right to a jury trial and that the District Attorney did not execute a written waiver of trial by jury prior to the entry of the pleas of guilty.

Petitioner was previously granted an evidentiary hearing in the 29th Judicial District Court, Hood County, Texas to determine the merits of this issue.

At the state habeas hearing, the evidence revealed that both the trial judge's docket sheets and the judgments entered in the case contained recitals that petitioner had

waived his right to trial by jury. Although it appears that the law of Texas required the State to execute a written waiver of jury trial, there was no law at the time the pleas were entered requiring the accused to execute a written waiver.

■ The evidence at the state habeas hearing amply supported the conclusion that petitioner in fact had waived his right to a trial by jury. The failure of the State to execute a written waiver only amounts to a violation of state law. As such, the petition fails to allege the violation of a constitutional right and relief was properly denied by the District Court. *Bell v. Estelle, supra*; *Pringle v. Beto, supra*.

Having determined that the two previous allegations lack merit, we now address petitioner's third contention.

In his petition before the state habeas court, Johnston alleged that his pleas had been coerced. However, at the state habeas hearing, he failed to present any evidence to support this allegation. The opinion of the habeas court, in denying relief, stated that petitioner had been given the opportunity to take the stand and testify but had failed to do so. The state judge held that by failing to present any evidence pertaining to the voluntariness of his pleas, the petitioner had waived his contention. On appeal, the Texas Court of Criminal Appeals affirmed without written opinion.

Thereafter, Johnston, in his petition before the District Court, raised the identical allegation and contended that the state habeas judge had told his counsel that the hearing would be restricted to the presentation of evidence on the indeterminate sentence and the jury waiver issues. Furthermore, petitioner alleged that the state judge, after two hours, arbitrarily terminated the hearing and refused to allow any evidence bearing on the voluntary nature of the pleas to be presented.

The opinion of the District Court, in denying relief, indicated that petitioner had waived his right to present evidence on the coerced plea issue by his failure to do so at the state hearing. Alternatively, the District Court held that the allegation failed to state a claim in light of the principles established in the cases of *McMann v. Richardson*, 397 U.S. 759, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970) and *Brady v. United States*, 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970).

On appeal, it is alleged that the District Court erred in failing to conduct an evidentiary hearing to determine the procedural waiver issue. Petitioner also contends that the *McMann* case does not bar consideration of his claim.

It has long been held that "[i]f a habeas applicant, after consultation with competent counsel or otherwise, understandingly and knowingly forewent the privilege of seeking to vindicate his federal claims in the state courts, whether for strategic, tactical, or any other reasons that can fairly be described as the deliberate by-passing of state procedures, then it is open to the federal court on habeas to deny him all relief if the state courts refused to entertain his federal claim on the merits— though of course only after the federal court has satisfied itself, by holding a hearing or by some other means, of the facts bearing upon the applicant's default." *Fay v. Noia*, 372 U.S. 391, 439, 83 S.Ct. 822, 849, 9 L.Ed.2d 837 (1963).

■ A review of the transcript of the state hearing convinces us that petitioner deliberately by-passed an available state procedure for the presentation of his claims.

At the opening of the hearing, the following dialogue occurred:

The Court: All right. Would you just generally tell me, Mr. Coan (petitioner's attorney) what this application alleges and what you expect to show here as grounds for post conviction habeas corpus relief?

Mr. Coan: All right. The position is basically this, that the petitioner takes the position that he is illegally confined in the Department of Corrections on the grounds that he was never given the constitutional right to waive a trial by jury, and the position that we take here today is that the best evidence of this fact that he was never given this constitutional

right—this constitutional right was never protected is that the files, the records themselves show that no waiver of jury was ever filed in the cause, and we have here today—we will want to introduce sometime during the period of this hearing—the original records of the original trial of Randolph W. Johnston, which was a series of three or four cases, 2975, 2977, 2978 and 2982.

At the close of the hearing the Court asked petitioner's counsel if he had any other evidence to present. He answered as follows: "Your Honor, that's all the evidence I want to introduce at this time. If the State has none, I have a couple of statements and then I'll try to close out." Thereafter, arguments were had and the hearing was terminated.

As the portions of the transcript show, the District Court properly refused to give any credence whatsoever to petitioner's assertions. No affidavits or other evidence outside of the record was submitted in support of the allegation. We are not inclined to order an evidentiary hearing to be held merely upon the publication of an allegation in a prisoner's petition which has no support from, and indeed, contradicts all indications in the record.

Thus, applying federal standards and having determined that the petitioner deliberately by-passed an available state procedure for the presentation of his claims, it is unnecessary to determine whether the allegations of the petition failed to state a claim.

Therefore, the judgment of the District Court is

AFFIRMED.