Abraham WALLACE, Petitioner-Appellee,

v.

R.V. TURNER, Superintendent, Glades Correction Institute, and the Attorney General of Florida, Respondents-Appellants.

No. 81–6225.

United States Court of Appeals, Eleventh Circuit.

Jan. 14, 1983.

Rehearing and Rehearing En Banc Denied May 9, 1983.

Steven R. Jacob, Asst. Atty. Gen., Florida Regional Service Center, Miami, Fla., for respondents-appellants.

Harvey S. Swickle, North Miami Beach, Fla., for Wallace.

Before RONEY, TJOFLAT and FAY, Circuit Judges.

RONEY, Circuit Judge:

The district court granted habeas corpus relief to Abraham Wallace on the ground that a state trial court violated his constitutional right to due process by accepting a plea of *nolo contendere* to a charge of

second degree murder on proffered evidence that the state court thought would support only a manslaughter conviction. *Wallace v. Turner*, 525 F.Supp. 1072 (S.D. Fla.1981). We reverse, holding that a state court judge does not violate a defendant's constitutional rights by accepting a knowing and voluntary *nolo contendere* plea without a factual basis for the plea. We note that a *nolo contendere* plea is treated the same as a guilty plea and is governed by the same constitutional considerations.

A detailed explanation of the state court plea proceedings is necessary to an understanding of why the alleged procedural default does not amount to a violation of the federal Constitution.

The State charged Wallace by information with one count of aggravated battery and one count of second degree murder for the death of his two and one-half-year-old stepdaughter. At the plea hearing in state court, Wallace's attorney stipulated that the information constituted a prima facie case on both counts but asked the court to rule on whether the proffered facts constituted the crime of second degree murder. At that point, the following colloquy took place:

THE COURT: I considered the facts in making the [sentencing] offer. I am sure that even if convicted of second degree murder, if not reduced by the Court it would be reduced by an Appellate Court, because they are more consistent with manslaughter. My offer of fifteen years is consistent with manslaughter. The maximum that could be imposed on manslaughter in which, I think, the facts as represented will support the finding as to manslaughter and aggravated battery.

MR. KORVICK [State's attorney]: Judge, the State is not reducing the charge. You are considering it manslaughter and you are sentencing it—

THE COURT: I am sentencing according to what the facts supported, manslaughter.

The court then questioned Wallace under oath about his ability to understand the proceedings and his desire to plead no con-

test to the two charges. This exchange followed:

MR. ALTER [Wallace's attorney]: Your Honor, we will be pleading no contest to manslaughter. I recognize that the penalty which is to be imposed by the Court is lawful, however I prefer if we can sentence Mr. Wallace on the charge which he is guilty of.

THE COURT: Well, I have indicated to you what my sentence would be, and my sentence is predicated on what I think the facts would support. The Information charges second degree murder, so that the plea has got to be to the charge of second degree murder.

MR. ALTER: I understand that, Judge. The problem is that since Your Honor has gone to the trouble of taking the proffer of the facts, Your Honor has to decide whether those facts will support the charge as alleged in the Information; otherwise, I don't think Your Honor should accept a plea to the charge.

THE COURT: Do you agree, Mr. Korvick?

MR. KORVICK: No sir. If Your Honor cares for a more detailed proffer of the facts, I will be glad to give it to you. However, the Court doesn't have the jurisdiction or the power to reduce the charge at this time on the plea.

THE COURT: I will agree.

I will tell you that my offer is based on the plea of the charge; you can take it or leave it. I am not going to reduce the charges at this time.

MR. ALTER: I understand that, Judge. I was just stating what my opinion of the law is.

THE COURT: In order for me to reduce the charge, I have to go through a trial.

MR. ALTER: I understand the Court's jurisdictional problems.

THE COURT: Do we have a plea? I am going to plea him consistent with the manslaughter charge, but I am not going to reduce the charge.

MR. ALTER: We are ready to continue.

\*　　\*　　\*　　\*　　\*　　\*

[THE COURT]: Is it your desire to plead no contest to the charge?

THE DEFENDANT: Yes.

In response to the court's questions Wallace indicated he understood that if the court accepted the *nolo contendere* plea it would adjudicate him guilty and sentence him to 15 years. He also stated that (1) no one had forced him to change the plea from not guilty to no contest, (2) no physical or emotional problems prevented him from understanding what was happening; (3) he understood what was happening, and (4) he was satisfied with his appointed attorney. Finally, Wallace responded affirmatively when the court asked him if he understood that by entering the plea he was giving up his rights to a jury trial, to present and confront witnesses, and to testify in his own behalf. The court accepted Wallace's plea of no contest, adjudicated him guilty on both counts as charged, and sentenced him to 15 years on both counts to run concurrently. Such a sentence would have been within statutory limits for manslaughter.

Wallace's *pro se* petition for a writ of habeas corpus in federal court asserted that the trial court erred by adjudicating him guilty of second degree murder while expressing doubts about the factual basis supporting the plea. He argues that he was denied due process of law under the Fourteenth Amendment to the federal Constitution, alleging that the court violated Fla.R. Crim.P. 3.172(a), which requires state trial judges to establish a factual basis for a plea.[1] This violation prejudices him because the State Parole Commission established his parole eligibility date based on the second degree murder conviction, resulting in a longer period of confinement prior to possible parole than if his conviction was for manslaughter. In other words, the time for eligibility for parole is longer for a second degree murder conviction than for a manslaughter conviction, even though the sentence received for each conviction might be the same.

The district court found that Wallace entered the plea voluntarily, fully aware of his situation, and noted the stipulation by Wallace's attorney that the information constituted a prima facie case on both counts. The court observed that Wallace's petition apparently did not contest the voluntariness of the plea, focusing instead on the alleged prejudice due to the additional period of confinement before he becomes eligible for parole.

The court acknowledged that there is no federal constitutional right to parole and that habeas corpus relief is not available merely because a petitioner's stay in prison exceeds the amount of time envisioned by the sentencing court. Nonetheless, the court concluded that the Florida Parole Commission's use of the second degree murder conviction to determine Wallace's parole eligibility violated his due process right to a proper consideration for parole. The court reasoned that a judgment of guilt must conform to the offense for which the plea is proffered. In its view, Wallace pleaded guilty to one offense but was adjudicated guilty of another.

The court ordered the state either to modify the judgment to conform to the trial court's proper finding and sentencing of Wallace as guilty of manslaughter or to vacate the judgment as to the second degree murder count and permit Wallace to enter a new plea.

A state prisoner seeking a writ of habeas corpus must establish he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C.A. § 2254(a). Although we assume for purposes of this decision that the state trial judge violated Fla.R.Crim.P. 3.172(a), as Wallace contends, we note that the state appellate court detected no error in the plea proceedings. Given its summary disposition, however, we do not know the basis for its conclusion. *Wallace v. State*, 389 So.2d 10 (Fla. 3d Dist.Ct.App.1980).

---

1. Fla.R.Crim.P. 3.172 provides: "(a) Before accepting a plea of guilty or nolo contendere the trial judge shall satisfy himself that the plea is voluntarily entered and that there is a factual basis for it. Counsel for the prosecution and the defense shall assist the trial judge in this function."

548

■ The fundamental constitutional consideration when a petitioner challenges his plea is whether it was voluntary. The rule is the same for pleas of guilty or *nolo contendere. North Carolina v. Alford,* 400 U.S. 25, 37, 91 S.Ct. 160, 167, 27 L.Ed.2d 162 (1970). *See DeGaglia v. Stack,* 490 F.2d 472 (5th Cir.1974). Only when a defendant proclaims his innocence while pleading guilty have federal courts required a judicial finding of some factual basis for the plea as an essential part of the constitutionally required finding that the plea was voluntary. *North Carolina v. Alford,* 400 U.S. at 38 n. 10, 91 S.Ct. at 167 n. 10; *Willett v. Georgia,* 608 F.2d 538, 540 (5th Cir.1979); *United States ex rel. Dunn v. Casscles,* 494 F.2d 397 (2d Cir.1974). Even in these cases, the purpose of placing the facts on the record is not to establish guilt as a basis for a judgment of conviction. Rather it is to aid in the constitutionally required determination that the defendant entered the plea intelligently and voluntarily. *Willett v. Georgia,* 608 F.2d at 540. *See North Carolina v. Alford,* 400 U.S. at 37–38, 91 S.Ct. at 167. A factual basis demonstrates a defendant's recognition—despite his denial of guilt— that the evidence negates his claim of innocence, he has nothing to gain by a trial, and much to gain by pleading guilty. *Id.*

■ Neither this Circuit nor the former Fifth Circuit, whose decisions are binding on this Court under *Bonner v. City of Prichard,* 661 F.2d 1206 (11th Cir.1981) (en banc), appears to have considered whether state court judges are constitutionally required to determine a factual basis for a plea unaccompanied by protestations of innocence. *Cf. Van Poyck v. Wainwright,* 595 F.2d 1083 (5th Cir.1979) (noting that violations of state procedural rules do not present constitutional claims for consideration in federal habeas corpus proceedings but not deciding whether the state trial judge's failure to ascertain a factual basis for the plea merited relief because issue not presented to state court). Other circuits, however, have recognized that state courts are not constitutionally required to establish a factual basis for a plea. *See Thundershield v. Solem,* 565 F.2d 1018 (8th Cir.1977), *cert. de-*

*nied,* 435 U.S. 954, 98 S.Ct. 1585, 55 L.Ed.2d 805 (1978); *Edwards v. Garrison,* 529 F.2d 1374, 1376 (4th Cir.1975), *cert. denied,* 424 U.S. 950, 96 S.Ct. 1421, 47 L.Ed.2d 355 (1976); *Roddy v. Black,* 516 F.2d 1380, 1385 (6th Cir.), *cert. denied,* 423 U.S. 917, 96 S.Ct. 226, 46 L.Ed.2d 147 (1975); *Freeman v. Page,* 443 F.2d 493, 497 (10th Cir.), *cert. denied,* 404 U.S. 1001, 92 S.Ct. 569, 30 L.Ed.2d 554 (1971).

We join these circuits and hold that the due process clause does not impose a constitutional duty on state trial judges to ascertain a factual basis before accepting a plea of guilty or *nolo contendere* that is not accompanied by a claim of innocence. Such pleas do not present the issue of voluntariness, the fundamental constitutional consideration when evaluating the validity of a plea, that is raised by pleas coupled with claims of innocence.

■ States are free to adopt procedural rules requiring a factual basis as Florida has done in Rule 3.172(a). The federal Constitution, however, does not mandate them to do so, and a violation of such state procedural rules does not *of itself* raise constitutional questions reviewable by federal habeas courts. *See Bell v. Estelle,* 525 F.2d 656 (5th Cir.1975). *Cf. Stewart v. Estelle,* 634 F.2d 998 (5th Cir.1981) (no habeas corpus relief for violation of state plea bargaining procedure); *Davis v. Wainwright,* 547 F.2d 261 (5th Cir.1977) (no relief for violation of state speedy trial rule); *LeBlanc v. Henderson,* 478 F.2d 481 (5th Cir.1973), *cert. denied,* 414 U.S. 1146, 94 S.Ct. 900, 39 L.Ed.2d 101 (1974) (no relief for violation of state pleading rules).

The Florida procedures are similar to Fed.R.Crim.P. 11. Such procedures are not constitutionally mandated, however, *McCarthy v. United States,* 394 U.S. 459, 465, 89 S.Ct. 1166, 1170, 22 L.Ed.2d 418 (1969), nor are they binding on the states. *Frank v. Blackburn,* 646 F.2d 873 (5th Cir.1980) (en banc), *cert. denied,* 454 U.S. 840, 102 S.Ct. 148, 70 L.Ed.2d 123 (1981).

■ In this case Wallace has never claimed he did not commit the acts with

which he was charged. He admitted whipping his two and one-half-year-old stepdaughter with an electrical cord and then pushing her so hard she fell and hit her head. The State's proffer established that the cause of death, cranial cerebral injuries, was due to multiple blunt impacts to the head. Wallace's admissions are underscored by his trial attorney's stipulation, made in his presence, that the information constituted a prima facie case on both counts. This is not a case where there is doubt as to whether the defendant committed the acts alleged in the information.

The district court properly concluded that Wallace's plea was voluntary. The state trial court thoroughly informed him of the constitutional rights he waived by entering the plea, and he stated affirmatively that he understood what he was forfeiting. The record establishes that he knew exactly what he was doing and that his sentence would reflect his plea to second degree murder. Wallace learned and his attorney acknowledged during the plea proceedings that Florida law precluded the state court from reducing the charge before trial, and that the prosecutor refused to do so. He had two alternatives. He could persist in pleading not guilty and go to trial, risking a guilty verdict and a sentence of more than 15 years. Or he could enter the *nolo contendere* plea and be assured of a maximum 15-year sentence. His decision to follow the latter route represented a voluntary and intelligent choice among the alternative courses of action open to him. *North Carolina v. Alford,* 400 U.S. at 31, 91 S.Ct. at 164. He received the sentence he expected.

At that point, the federal court inquiry should have ended. That Wallace will not be eligible for parole as soon as he would have been if convicted of manslaughter is of no consequence when the only violation asserted involves a state procedural rule. *Cf. Greenholtz v. Inmates of Nebraska Penal and Correctional Complex,* 442 U.S. 1, 99 S.Ct. 2100, 60 L.Ed.2d 668 (1979) (no federal constitutional right to parole); *United States v. Garcia,* 636 F.2d 122 (5th Cir.1981) (neither Constitution nor Fed.R.

Crim.P. 11 require federal judge to inform defendant of parole eligibility dates). It has even been held that if a sentence is imposed in direct violation of a state procedural rule and affects a defendant's parole eligibility date, such questions are matters of state law only, and federal courts lack jurisdiction to consider them. *Willeford v. Estelle,* 538 F.2d 1194 (5th Cir.1976); *Pringle v. Beto,* 424 F.2d 515 (5th Cir.1970).

Since Wallace raised no constitutional claim, the district court lacked jurisdiction to grant the petition.

REVERSED.