782 F.2d 1042
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
EVERETT L. JOHNS, Petitioner-Appellant,
v.
RONALD C. MARSHALL, Respondent-Appellee.
 85-3325
 United States Court of Appeals, Sixth Circuit.
 12/10/85
 ORDER
 
 1
 BEFORE: ENGEL and MILBURN, Circuit Judges; and WOODS, District Judge.*
 
 
 2
 Petitioner is appealing from a judgment dismissing his petition for writ of habeas corpus filed under 28 U.S.C. Sec. 2254. The case has been referred to a panel of the Court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the briefs and record, this panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 3
 The record shows that petitioner was indicted by the September 1967 Term of the Sandusky County (Ohio) Grand Jury for two counts of first-degree murder in violation of former Section 2901.01, Ohio Revised Code. He pled not guilty and not guilty by reason of insanity. On November 3, 1967, petitioner waived his right to trial by jury and elected to be tried by a three-judge panel. On December 4, 1967, the first day of the trial, he changed his pleas to guilty. Pursuant to O.R.C. Sec. 2945.06, the three-judge panel considered the evidence to determine the degree of petitioner's guilt, and they found him guilty of first-degree murder on each count. He was sentenced to consecutive life terms.
 
 
 4
 After exhausting state remedies, petitioner filed the present habeas corpus action, alleging that the trial court impermissibly relied on the withdrawal of his not-guilty pleas in its finding of guilt. Petitioner's claim is directed to the trial court's application of O.R.C. Sec. 2945.06, which at the time of trial provided that '[i]f the accused pleads guilty to murder in the first degree, a court composed of three judges shall examine the witnesses, determine the degree of the crime and pronounce sentence accordingly.'[1] Petitioner alleges that the statute precludes a trial court from considering the withdrawal of a not-guilty plea in its finding of guilty. Petitioner further alleges that the trial court reached its decision in violation of this statute and the Due Process Clause of the Fourteenth Amendment. As support for his allegations, petitioner cites to the following statement made by the three-judge panel in rendering its verdict:
 
 
 5
 The Judges during their period of adjournment have considered their verdict and we have arrived at a verdict, but in consideration of the evidence there were certain areas where we felt there was not a complete lack of credibility, but some doubt as to credibility.
 
 
 6
 Despite that we are convinced beyond a reasonable doubt of the guilt of the accused. He has admitted his guilt by his withdrawal of his plea of not guilty and his withdrawal of not guilty by reason of insanity and by entering a plea of guilty as charged in both indictments.
 
 
 7
 Upon consideration, a U.S. Magistrate issued a report recommending dismissal of petitioner's section. This recommendation, in turn, was adopted by order of the district court.
 
 
 8
 The crux of petitioner's case centers around the Ohio Court of Appeals' interpretation of O.R.C. Sec. 2945.06 in State v. Taylor, 30 Ohio App.2d 252 (8th Dis. 1972). The defendant in Taylor similarly pled guilty to first-degree murder and subsequently sought relief from his conviction on the ground that his plea was used as evidence in the degree of culpability hearing required by Ohio law. The court held that the plea in a hearing under O.R.C. Sec. 2945.06 is not to be regarded as evidence of guilt absolute of the crime charged because this would render procedures under the statute pointless. The court also held that the state must prove the material elements of the crime of murder in the first degree, including premeditation and deliberation, beyond a reasonable doubt in order to resolve the degree issue in the hearing under O.R.C. Sec. 2945.06.
 
 
 9
 The Due Process Clause of the Fourteenth Amendment does not impose a constitutional duty on state trial judges to ascertain a factual basis before accepting a plea of guilty. Roddy v. Black, 516 F.2d 1380, 1385 (6th Cir.), cert. denied, 423 U.S. 917 (1975); Wallace v. Turner, 695 F.2d 545, 548 (11th Cir. 1983). States are free to enact statutes requiring a factual basis as Ohio has done in O.R.C. Sec. 2945.06. The federal Constitution, however, does not mandate them to do so, and a violation of such state procedural requirements does not of itself raise constitutional questions reviewable by federal habeas courts. Combs v. State of Tennessee, 530 F.2d 695 (6th Cir.), cert. denied, 104 S.Ct. 1609 (1984).
 
 
 10
 In this case, the trial court's reference to petitioner's withdrawal of his not-guilty pleas constituted a technical violation of O.R.C. Sec. 2945.06 as that statute was interpreted in State v. Taylor, supra. However, petitioner's constitutional right to enter a voluntary and intelligent guilty plea was not abridged by this procedure. See Tollett v. Henderson, 411 U.S. 258, 266 (1973). On the contrary, the procedures prescribed by Section 2945.06, and followed in this case, go well beyond constitutional requirements to safeguard petitioner's rights.
 
 
 11
 Even if petitioner's action presented a constitutional claim, that claim appears to be without merit. The evidence of guilt produced by the state was overwhelming and completely satisfied the requirement of State v. Taylor, supra, that the elements of murder be proven beyond a reasonable doubt.
 
 
 12
 It appears that the questions on which decision of this cause depends are so unsubstantial as not to need further argument. Rule 9(d)(3), Rules of the Sixth Circuit.
 
 
 13
 Therefore, it is ORDERED that the judgment of the district court be and in hereby is affirmed.
 
 
 
 *
 The Honorable George Woods, U.S. District Judge for the Eastern District of Michigan, sitting by designation.1 This statute has been amended but still retains the requirement that a three-judge panel conduct a hearing after a plea of guilty to a charge of aggravated murder to 'determine whether the accused is guilty of aggravated murder or any other offense.'