# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Kenneth James Heard, Petitioner Below,**
**Petitioner**

**vs) No. 13-0300** (Ohio County 02-C-66)

**Marvin Plumley, Warden, Huttonsville**
**Correctional Center, Respondent Below,**
**Respondent**

**FILED**

March 31, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Kenneth James Heard, by counsel John M. Jurco, appeals the Circuit Court of Ohio County's February 27, 2013, order denying his petition for writ of habeas corpus. Respondent Warden Marvin Plumley, by counsel Joseph E. Barki III, filed a response. Petitioner filed a reply. On appeal, petitioner alleges that the circuit court erred in denying his petition for writ of habeas corpus for the following reasons: 1) West Virginia's kidnapping statute is unconstitutional; 2) his guilty plea to kidnapping was involuntary; 3) his guilty plea was not supported by sufficient evidence and/or there is a question of actual guilt upon the plea; and 4) equitable considerations merit relief.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On April 10, 1991, petitioner and two women entered the home of Forton Capp, held him at gunpoint, tied him to a chair, ransacked his home for valuables, and left with stolen items in Mr. Capp's Cadillac. Mr. Capp eventually freed himself and called the police, who spotted the Cadillac and a pursuit ensued. The pursuit ended in a wreck, and petitioner and one female were arrested. Petitioner was taken to Brooke County Jail where he began to go into drug withdrawal and was transported to Weirton Medical Center. Three days later, petitioner struck a corrections officer stationed in his room and initiated a struggle, during which petitioner bit the officer and gained possession of his firearm. After detaining multiple security and staff members in his room, petitioner eventually exited and Ms. Kerr, a nurse, volunteered to help him exit the building. Petitioner demanded Ms. Kerr's car keys and then grabbed her by the neck and pointed the gun at her as he led Ms. Kerr out of the building to her vehicle. Petitioner forced Ms. Kerr into her vehicle and exited the parking lot, after which a police pursuit was initiated that ended in collision. Ms. Kerr was injured in this collision.

1

Following a guilty plea in 1991, petitioner was convicted of one count of kidnapping, one count of malicious assault, one count of escape from confinement, two counts of grand larceny, and one count of aggravated robbery. Petitioner was sentenced to the following terms of incarceration: life, with a mercy recommendation, for the kidnapping conviction (Count I); two to ten years for the malicious assault conviction (Count II); one to five years for the escape from confinement conviction (Count III); one to ten years for the grand larceny conviction (Count IV); thirty years for the robbery conviction (Count V); and one to ten years for the second grand larceny conviction (Count VI). The circuit court ordered Counts I through IV to run concurrently, and further ordered Counts V through VI to run concurrently, though consecutively to Counts I through IV.

In April of 2002, petitioner filed a *pro se* petition for writ of habeas corpus in the circuit court, after which he was appointed counsel and an amended petition was filed. The circuit court held an omnibus hearing in February 2013, after which it denied petitioner habeas relief. It is from the order denying relief that petitioner appeals.[1]

We have previously held that

> "[i]n reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review." Syl. pt. 1, *Mathena v. Haines*, 219 W.Va. 417, 633 S.E.2d 771 (2006).

Syl. Pt. 1, *State ex rel. Thompson v. Ballard*, 229 W.Va. 263, 728 S.E.2d 147 (2012). To begin, petitioner argues that the trial court violated his due process protections afforded under *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531 (2004), when it made the determination that petitioner had not returned Ms. Kerr unharmed and, thus, that petitioner was not entitled to a reduced sentence under West Virginia Code § 61-2-14A(b)(3). Petitioner argues that our kidnapping statute is therefore unconstitutional under *Blakely* because it allows for a judge, and not a jury, to make determinations that could enhance a defendant's sentence. The Court, however, finds no merit to these arguments. We have already settled the issue of our kidnapping statute's constitutionality.

We have held that

> [o]ur kidnaping statute, W.Va.Code § 61-2-14a (1999), does not provide for the enhancement of a defendant's sentence beyond the statutory maximum based on additional facts found by the trial judge in violation of the constitutional

---

[1]According to petitioner, he has discharged all sentences other than the sentence for kidnapping. As such, petitioner's arguments in support of his petition for appeal concern only the charge of, and sentence for, the crime of kidnapping.

right to a trial by jury as interpreted by the United States Supreme Court in *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004).

Syl. Pt. 2, *State v. Haught*, 218 W.Va. 462, 624 S.E.2d 899 (2005). It is clear that the alleged error of which petitioner complains, that the trial court judge made the determination as to whether or not petitioner returned his kidnapping victim unharmed, is not a violation of petitioner's constitutional right to a jury trial as discussed in *Blakely*. As such, we find no error in regard to the circuit court denying petitioner habeas relief on this issue.

Next, the Court finds no error in the circuit court's denial of relief in regard to petitioner's alleged involuntary guilty plea. According to petitioner, his plea was involuntary due to the conditions of his confinement at the time. Petitioner alleges that correctional officers at the Brooke County Jail treated him inhumanely because of his prior assault on a corrections officer when he escaped from the hospital. As such, petitioner argues that the main reason he accepted the plea agreement was to escape these conditions. However, the Court notes that the record shows that the trial court addressed petitioner's concerns in regard to the terms of his confinement and his desire to be moved to a state facility during the plea colloquy.

West Virginia's seminal case on whether a guilty plea was given voluntarily and knowingly is *Call v. McKenzie*, 159 W.Va. 191, 220 S.E.2d 665 (1975). In *Call*, our Court established several guidelines that trial courts should follow in ascertaining whether a defendant's plea of guilty is voluntarily and knowingly made. In addition to advising the defendant of the numerous constitutional rights he waives by pleading guilty, the trial court should recite the terms of the plea agreement and should assure itself that there is no coercion or undue pressure on the defendant to enter a plea. *Id.* at 198, 220 S.E.2d at 671.

While petitioner's desire to be transferred out of a county facility may have been one of his motivations for accepting the plea agreement, it was not the only basis and it was considered and discussed at the plea hearing. In fact, the trial court expressly asked if petitioner's desire to be moved from the Brooke County Jail was the only reason he was pleading guilty, and petitioner stated that it was not. Further, petitioner expressly stated on the record that he was guilty of the crimes to which he was pleading. Additionally, the trial court stated that the terms of confinement of which petitioner complained, including being housed in a separate cell and an inability to communicate with other inmates, were reasonable considering his prior escape. For these reasons, the Court finds that petitioner's guilty plea was voluntary and the circuit court did not err in denying him habeas relief on this issue.

Next, the Court finds no error in the circuit court denying petitioner relief in regard to his allegation that his guilty plea to kidnapping was not supported by sufficient evidence. This argument is based upon petitioner's plea colloquy, during which he claimed that he never intended to take Ms. Kerr as a shield and did not point a gun at her or otherwise force her to accompany him in her vehicle. The Court finds no merit to this argument. Ms. Kerr testified in the criminal proceedings and clearly stated that she did not volunteer petitioner her car and that he pointed a firearm at her to force her to comply with his demands. There was clearly sufficient evidence for the trial court to accept petitioner's guilty plea to kidnapping.

Further, in discussing the requirement of Rule 11(f) of the West Virginia Rules of Criminal Procedure that a trial court determine the factual accuracy of a plea, we have held that

> [w]hile such purpose is obviously laudatory, this Court has never deemed it constitutionally necessary for a trial court to undertake the inquiry required by Rule 11(f). And other courts appear in general agreement that absent special circumstances "'there is no constitutional requirement that a trial judge inquire into the factual basis of a plea.'" *United States v. McGlocklin*, 8 F.3d 1037, 1047 (6th Cir.1993) (en banc), cert. denied, 511 U.S. 1054, 114 S.Ct. 1614, 128 L.Ed.2d 341 (1994) (citation omitted). Rather, only when the defendant claims his factual innocence while pleading guilty, a situation not present in this case, is a court constitutionally required to undertake such a procedure. *See North Carolina v. Alford*, 400 U.S. 25, 37–39, 91 S.Ct. 160, 167–68, 27 L.Ed.2d 162 (1970); *see also Wallace v. Turner*, 695 F.2d 545, 548 (11th Cir.1983); *Willett v. Georgia*, 608 F.2d 538, 540–41 (5th Cir.1979).

*State ex rel. Farmer v. Trent*, 209 W.Va. 789, 796, 551 S.E.2d 711, 718 (2001). Based upon this prior holding, it is clear that the trial court had before it sufficient evidence upon which to accept petitioner's guilty plea to kidnapping, and the circuit court did not err in denying petitioner relief in this regard.

Finally, the Court finds no merit in petitioner's contention that, as a matter of equity, he is entitled to habeas relief. Without citing to any case law or other authority, petitioner simply asserts that because he has served over twenty years of incarceration for his crimes and has discharged all the sentences other than the kidnapping sentence, he should be released. The Court is unpersuaded by this argument and finds no error in the circuit court's denial of relief in this regard.

For the foregoing reasons, the circuit court's February 27, 2013, order denying petitioner's petition for writ of habeas corpus is hereby affirmed.

Affirmed.

**ISSUED**: March 31, 2014

**CONCURRED IN BY**:

Chief Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

4