# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

vs) **No. 15-0580** (Wood County 10-F-58)

**Martin R.,**
**Defendant Below, Petitioner**

**FILED**

**April 12, 2016**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Martin R., by counsel Eric K. Powell, appeals the Circuit Court of Wood County's May 15, 2015, order re-sentencing him to prison for two terms of incarceration of ten to twenty years for two counts of sexual abuse by a parent, in violation of West Virginia Code § 61-8D-5, and one term of incarceration of five to twenty-five years for one count of first-degree sexual abuse, in violation of West Virginia Code § 61-8B-7, followed by a term of thirty years of supervised release.[1] The State of West Virginia, by counsel David A. Stackpole, filed a response in support of the circuit court's order. Petitioner filed a reply. On appeal, petitioner argues that: (1) there was an insufficient factual basis to support his guilty plea and that he was incompetent to enter a plea agreement; (2) he was denied his constitutional right to appeal his conviction; and (3) his sentence was excessive.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In January of 2010, a Wood County grand jury indicted petitioner on two counts of first-degree sexual assault, five counts of sexual abuse by a parent, four counts of first-degree sexual abuse, one count of incest, and one count of a parent allowing sexual abuse to be inflicted upon a child. Thereafter, the circuit court granted petitioner's motion and ordered petitioner to undergo a

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.,* 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B*., 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.,* 183 W.Va. 641, 398 S.E.2d 123 (1990).

1

forensic psychiatry evaluation to determine petitioner's competency to stand trial and criminal responsibility.[2]

On January 25, 2010, Dr. Bobby Miller conducted a forensic psychiatric evaluation upon petitioner. He concluded that "[petitioner] **does** exhibit a rational, as well as, a factual understanding of the proceedings and **does** exhibit a sufficient present ability to consult with his attorney with a reasonable degree of understanding." (emphasis in original.) Furthermore, Dr. Miller concluded that "[petitioner] at the time of the alleged offense **did not lack** substantial capacity to appreciate the wrongfulness of his actions and **did not lack** substantial capacity to conform his conduct to the requirements of the law." (emphasis in original.)

In July of 2010, pursuant to a plea agreement reached between petitioner and the State, the circuit court held a plea hearing. In conjunction with the plea hearing, petitioner tendered a written statement in support of his guilty plea to the circuit court. Thereafter, petitioner pled guilty to two counts of sexual abuse by a parent and one count of first-degree sexual abuse. In exchange for his plea, the State agreed to dismiss the remaining counts in the indictment. During the plea colloquy between petitioner and the circuit court, petitioner stated that he understood the consequences of his guilty plea, including any potential prison sentences, and the rights he was waiving by pleading guilty. He also relayed that his guilty plea was not the result of any promises, threats, or inducements; that he did not have any evidence or information to establish that he was not guilty; and that his counsel had reviewed the plea process with him. He specifically agreed that he was satisfied with his counsel's performance. The circuit court also inquired whether petitioner's medications affected his ability to understand the proceedings. In providing the factual basis for his guilty plea of two counts of sexual abuse by a parent, petitioner stated that "[he] had sexual intercourse or incest – or contact with the victim" in August of 2007 and June of 2009. At the conclusion of the hearing, the circuit court accepted his guilty plea and ordered a presentence investigation report.

In October of 2010, the circuit court held a sentencing hearing in this matter. Following arguments by the parties and discussion of the presentence investigation report, the circuit court sentenced petitioner to consecutive terms of imprisonment of ten to twenty years for each count of sexual abuse by a parent and five to twenty-five years in prison for one count of first-degree sexual abuse, followed by a term of thirty years of supervised release. Petitioner was resentenced for appeal purposes by order entered May 15, 2015. This appeal follows.

On appeal, petitioner contends that there was an insufficient factual basis to support his guilty plea pursuant to Rule 11(f) of the West Virginia Rules of Criminal Procedure. In discussing the requirement of Rule 11(f) of the West Virginia Rules of Criminal Procedure that a trial court must determine the factual accuracy of a plea, we have held that

---

[2]We note that "[t]he test for mental competency to stand trial and the test for mental competency to plead guilty are the same." Syl. Pt. 2, *State v. Cheshire*, 170 W.Va. 217, 292 S.E.2d 628 (1982).

[w]hile such purpose is obviously laudatory, this Court has never deemed it constitutionally necessary for a trial court to undertake the inquiry required by Rule 11(f). And other courts appear in general agreement that absent special circumstances "'there is no constitutional requirement that a trial judge inquire into the factual basis of a plea.'" *United States v. McGlocklin*, 8 F.3d 1037, 1047 (6th Cir.1993) (en banc), cert. denied, 511 U.S. 1054, 114 S.Ct. 1614, 128 L.Ed.2d 341 (1994) (citation omitted). Rather, only when the defendant claims his factual innocence while pleading guilty, a situation not present in this case, is a court constitutionally required to undertake such a procedure. *See North Carolina v. Alford*, 400 U.S. 25, 37–39, 91 S.Ct. 160, 167–68, 27 L.Ed.2d 162 (1970); *see also Wallace v. Turner*, 695 F.2d 545, 548 (11th Cir.1983); *Willett v. Georgia*, 608 F.2d 538, 540–41 (5th Cir.1979).

*State ex rel. Farmer v. Trent*, 209 W.Va. 789, 796, 551 S.E.2d 711, 718 (2001). Further, in *State v. Spradlin*, No. 13-0997, 2014 WL 6607457, at *5 (W.Va. Nov. 21, 2014)(memorandum decision), *citing* Rule 11(f) of the West Virginia Rules of Criminal Procedure and *Myers v. Fraizer*, 173 W.Va. 658, 319 S.E.2d 782 (1984), we noted that a court's role in

accepting or rejecting a guilty plea is not to make a formal adjudication of guilt beyond a reasonable doubt on the charge to which the defendant is willing to plead. Rather, the court's role, insofar as the defendant is concerned, is to ascertain that the plea is voluntarily and intelligently made and that the defendant understands its consequences and the constitutional rights he is waiving.

Here, the circuit court fulfilled its role. As noted above, during the plea hearing petitioner stated that he understood the consequences of his guilty plea, including any potential prison sentences, and the rights he was waiving by pleading guilty. He also relayed that his guilty plea was not the result of any promises, threats, or inducements, that he did not have any evidence or information to establish that he was not guilty, and that his counsel had reviewed the plea process with him. The circuit court also inquired whether petitioner's medications affected his ability to understand the proceedings. Petitioner specifically affirmed his understanding of the charges against him based upon the specific allegations of the indictment, and that each and every element that the State would have to prove was explained. For these reasons, the circuit court did not err in accepting petitioner's guilty plea.

Related to this assignment of error, petitioner also argues that he was incompetent at the time of his plea hearing. "'It is a fundamental guaranty of due process that a defendant cannot be tried or convicted for a crime while he or she is mentally incompetent.' *State v. Cheshire*, 170 W.Va. 217, 219, 292 S.E.2d 628, 630 (1982)." Syl. Pt. 5, *State v. Hatfield*, 186 W.Va. 507, 413 S.E.2d 162 (1991). This Court has explained that

[n]o person may be subjected to trial on a criminal charge when, by virtue of mental incapacity, the person is unable to consult with his attorney and to assist in the preparation of his defense with a reasonable degree of rational understanding of the nature and object of the proceedings against him.

3

Syl. Pt. 1, *State v. Milam*, 159 W.Va. 691, 226 S.E.2d 433 (1976). In *Call v. McKenzie*, 159 W.Va. 191, 220 S.E.2d 665 (1975), this Court outlined the procedures for trial courts to follow to ensure that guilty pleas are entered knowingly, voluntarily, and intelligently.[3] *See also* W.Va. R. Crim. P. 11 (providing responsibilities for the circuit court to ensure plea is proper).

Following our review of the record on appeal, it is clear that the circuit court initially determined that there was reason to order a mental competency evaluation. Ultimately, Dr. Bobby Miller concluded that "[petitioner] **does** exhibit a rational, as well as, a factual understanding of the proceedings and **does** exhibit a sufficient present ability to consult with his attorney with a reasonable degree of understanding." (emphasis in original.) Furthermore, Dr. Miller concluded that "[petitioner] at the time of the alleged offense **did not lack** substantial capacity to appreciate the wrongfulness of his actions and **did not lack** substantial capacity to

---

[3]Syl. Pts. 3, 4, and 5, *Call v. McKenzie*, 159 W.Va. 191, 220 S.E.2d 665 (1975), provide that

> When a criminal defendant proposes to enter a plea of guilty, the trial judge should interrogate such defendant on the record with regard to his intelligent understanding of the following rights, some of which he will waive by pleading guilty: 1) the right to retain counsel of his choice, and if indigent, the right to court appointed counsel; 2) the right to consult with counsel and have counsel prepare the defense; 3) the right to a public trial by an impartial jury of twelve persons; 4) the right to have the State prove its case beyond a reasonable doubt and the right of the defendant to stand mute during the proceedings; 5) the right to confront and cross-examine his accusers; 6) the right to present witnesses in his own defense and to testify himself in his own defense; 7) the right to appeal the conviction for any errors of law; 8) the right to move to suppress illegally obtained evidence and illegally obtained confessions; and, 9) the right to challenge in the trial court and on appeal all pre-trial proceedings.
>
> Where there is a plea bargain by which the defendant pleads guilty in consideration for some benefit conferred by the State, the trial court should spread the terms of the bargain upon the record and interrogate the defendant concerning whether he understands the rights he is waiving by pleading guilty and whether there is any pressure upon him to plead guilty other than the consideration admitted on the record.
>
> A trial court should spread upon the record the defendant's education, whether he consulted with friends or relatives about his plea, any history of mental illness or drug use, the extent he consulted with counsel, and all other relevant matters which will demonstrate to an appellate court or a trial court proceeding in Habeas corpus that the defendant's plea was knowingly and intelligently made with due regard to the intelligent waiver of known rights.

conform his conduct to the requirements of the law." (emphasis in original.) As discussed above, the circuit court clearly adhered to the requirements of both *Call* and Rule 11 during its thorough plea colloquy with petitioner. Therefore, we find no error in the circuit court's findings that petitioner was competent to enter his plea.

Next, petitioner argues that he has been denied his constitutional right to appeal his convictions. We disagree. "Moot questions or abstract propositions, the decision of which would avail nothing in the determination of controverted rights of persons or of property, are not properly cognizable by a court." Syl. Pt. 4, *Cline v. Mirandy*, 234 W.Va. 427, 765 S.E.2d 583 (2014) (quoting Syl. Pt. 1, *State ex rel. Durkin v. Neely,* 166 W.Va. 553, 276 S.E.2d 311 (1981)). Simply put, petitioner is challenging his convictions in this appeal. By order entered May 15, 2015, the circuit court resentenced petitioner for appeal purposes. Therefore, petitioner has been able to assert his rights, and further review is needless. To the extent that petitioner argues that this delay was caused by the ineffective assistance of counsel, the Court declines to address this assignment of error. Traditionally, an ineffective assistance of counsel claim is not cognizable on direct appeal. We addressed this issue in Syllabus Point 10 of *State v. Triplett*, 187 W.Va. 760, 421 S.E.2d 511 (1992), as follows:

> It is the extremely rare case when this Court will find ineffective assistance of counsel when such a charge is raised as an assignment of error on a direct appeal. The prudent defense counsel first develops the record regarding ineffective assistance of counsel in a habeas corpus proceeding before the lower court, and may then appeal if such relief is denied. This Court may then have a fully developed record on this issue upon which to more thoroughly review an ineffective assistance of counsel claim.

Upon our review of the appendix, we find that the record in this case is insufficient to address the merits of petitioner's ineffective assistance of counsel claim. The claim of ineffective assistance of counsel would more appropriately be addressed pursuant to a petition for writ of habeas corpus.

Finally, petitioner argues that the circuit court abused its discretion in sentencing him to consecutive sentences. "The Supreme Court of Appeals reviews sentencing orders . . . under a deferential abuse of discretion standard, unless the order violates statutory or constitutional commands." Syl. Pt. 1, in part, *State v. Lucas*, 201 W.Va. 271, 496 S.E.2d 221 (1997). Moreover, "[s]entences imposed by the trial court, if within statutory limits and if not based on some [im]permissible factor, are not subject to appellate review." Syl. Pt. 4, *State v. Goodnight*, 169 W. Va. 366, 287 S.E.2d 504 (1982). To begin, we note that the statutes under which petitioner was sentenced for sexual abuse by a parent, West Virginia Code § 61-8D-5(a), provides for an upper limit of incarceration of twenty years. Similarly, the statute under which petitioner was sentenced for first-degree sexual abuse, West Virginia Code § 61-8B-7(c), provides for an upper limit of twenty-five years. Petitioner's sentences of incarceration for ten to twenty years and five to twenty-five years, respectively, are in accordance with the applicable statutes. As such, petitioner's sentences for these crimes are not reviewable. Furthermore, pursuant to West Virginia Code § 61-11-21, sentences for two or more convictions shall be consecutive unless the sentencing court orders them to run concurrently. Accordingly, it was within the Circuit Court of Wood County's discretion to run petitioner's sentences consecutively to each other. Finally,

petitioner made no claims and offered no evidence to establish that his sentence was based upon any impermissible factors.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:  April 12, 2016**

**CONCURRED IN BY:**

Chief Justice Menis E. Ketchum
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II