UNITED STATES of America,
Plaintiff,

v.

Aguilar GILUARDO–PARRA, a.k.a.
Freddie Parra–Aguire, a.k.a. Alexis
Roman Augilar, Defendant.

No. 2:03CR554JTG.

United States District Court,
D. Utah,
Central Division.

Oct. 20, 2004.

Joseph Jardine, Jardine Law Offices, Robert Breeze, Salt Lake City, UT, for Defendant.

Michael P. Kennedy, U.S. Attorney's Office, for Plaintiff.

## MEMORANDUM DECISION AND ORDER ON SENTENCING ISSUES

J. THOMAS GREENE, District Judge.

This matter is before the court in regards to sentencing of defendant Aguilar Guilardo Parra, a.k.a. Freddie Parra, a.k.a. Alexis Roman Augilar ("Freddie Parra"). At a prior hearing, after the court had received written submissions by both sides, oral argument was heard as to whether the Supreme Court's decision in *Blakely v. Washington,* —— U.S. ——, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), applies to this sentencing; whether the so-called "Safety Valve" provision, U.S.S.G. § 5C1.2 codified at 18 U.S.C. § 3553(f) applies; and whether defendant is entitled to credit under the Sentencing Guidelines for acceptance of responsibility. These issues were taken under advisement.

At the sentencing hearing on October 7, 2004, a proffer by the government, unopposed by defendant, was submitted in lieu of testimony to be presented at the evidentiary hearing, which was to precede sentencing. The proffer concerned applicability of the Safety Valve and whether defendant would receive credit for acceptance of responsibility. Argument by counsel was heard, and the parties submitted the matters to the court for determination.

## BACKGROUND

On July 2, 2003, Freddie Parra and his cousin Able Parra were indicted for Possession with Intent to Distribute 500 grams or more of a Controlled Substance and Aiding and Abetting in violation of 21 U.S.C § 841(a)(1) and 18 U.S.C. § 2. Co-defendant Able Parra entered a plea of guilty on November 6, 2003, and on January 13, 2004 was sentenced to 37 months[1] into the custody of the Bureau of Prisons.

---

1. At the time of sentencing, in accordance with the plea agreement, the government did not oppose application of the Safety Valve, U.S.S.G. § 5C1.2 and 18 U.S.C. § 3553(f), which allowed the court to sentence below the five year mandatory minimum required under 21 U.S.C. § 841(b)(1)(B). With a crim-inal history category of I and an offense level of 21 (which included a two level reduction pursuant to § 2D1.1(b)(6) and 3 levels for acceptance of responsibility) the resulting guideline range was 37–46 months. The court imposed the low end of the guideline range.

Defendant Freddie Parra moved for suppression of custodial statements, and following an evidentiary hearing and briefing by the parties, the motion was denied. A trial was conducted on April 26–27, 2004, after which the jury returned a verdict of guilty.

The parties addressed four issues concerning the sentencing of this defendant: (1) whether the Supreme Court decision in *Blakely v. Washington* applies to this case; (2) whether the five year minimum mandatory provision found in 21 U.S.C. § 841(b)(1)(B) can be doubled to ten years by the court without having advised the jury that if the defendant were found guilty of a prior drug conviction his sentence would be increased by an additional mandatory five years; (3) whether the Safety Valve provision at U.S.S.G. § 5C1.2 and 18 U.S.C. § 3553(f) applies to this case so as to enable the court to reduce the sentence below the minimum mandatory requirements; and (4) whether acceptance of responsibility by defendant after the trial qualifies defendant to receive credit for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1.

### 1. APPLICATION TO THIS CASE OF BLAKELY V. WASHINGTON

■ In *Blakely v. Washington*, the Supreme Court extended its previous ruling in *Apprendi v. New Jersey*, wherein the Court stated: *"Other than the fact of a prior conviction,* any fact that increases the penalty for a crime *beyond the prescribed statutory maximum* must be submitted to a jury, and proved beyond a reasonable doubt." *Blakely*, at 2536 (citing *Apprendi v. New Jersey*, 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000)) (emphasis added). The *Blakely* court redefined the "statutory maximum," noting "[o]ur precedents make clear, however, that the 'statutory maximum' for *Apprendi* purposes is the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant." Blakely* at 2537 (emphasis in the original). The practical impact of this ruling is that any fact found or taken into account by a judge which increases a sentence beyond that which could have been determined solely on the jury verdict must have been presented to and found by a jury or admitted by the defendant. Otherwise, under *Blakely,* the increased sentence would be unconstitutional under the Sixth Amendment right to a jury trial. However, *Blakely* does not require jury involvement in connection with any increase of a sentence under the Guidelines where such increase results from prior conviction(s). Also, *Blakely* does not apply to any action by the court which would decrease rather than increase a sentence. In sum, this court rules that *Blakely* is not implicated and does not apply to sentencing issues in this case.

### 2. MAY JUDGES RATHER THAN JURIES INCREASE MINIMUM MANDATORY SENTENCES BECAUSE OF PRIOR CONVICTIONS?

In this case, the Indictment charged that the co-defendants did "knowingly and intentionally possess within intent to distribute 500 grams or more of a mixture or substance containing [a] detectable amount of cocaine" as well as aiding and abetting. The evidence presented at trial was that approximately 883 grams of cocaine were found by officers in the car in which defendant was a passenger at the time of arrest. The penalty statute applicable to this offense reads:

> In the case of a violation of subsection (a) of this section involving . . . (ii) 500 grams or more of a mixture or substances containing a detectable amount of—(II) cocaine, its salts, optical and geometric isomers, and salts of isomers; . . . such person shall be sentenced to a

*term of imprisonment which may not be less than 5 years* .... If any person commits such a violation *after a prior conviction for a felony drug offense has become final,* such person shall be sentenced to a term of imprisonment which may *not be less than 10 years* and not more than life imprisonment....

21 U.S.C. § 841(b)(1)(B) (emphasis added).

Defendant Freddie Parra was convicted by a jury, which jury also found that he possessed with intent to distribute 500 grams or more of cocaine. Those determinations by the jury subjected him to a five year minimum mandatory sentence. The Guidelines require doubling the sentence from five to ten years when a defendant is so convicted after a "prior conviction for a felony drug offense has become final." *Id.* Under the Guidelines, these two mandatory minimum sentencing provisions require the court to sentence the defendant to a minimum term of ten years (120 months).

In support of such a sentence, the government argues that *Blakely* does not apply to the U.S. Sentencing Guidelines because technically they were not at issue in that case.[2] In the alternative, the government submits that *Blakely* does not impact the application of minimum mandatory sentences in this case as to the initial five year mandatory minimum requirement, because defendant was convicted under the Indictment, and the jury found the amount of drugs was more than 500 grams. The additional five year minimum mandatory, having to do with defendant's prior drug conviction, may be imposed by the court without any action by the jury based on an exception to *Blakely,* namely the impact of prior convictions. The government's position is consistent with established law in *Apprendi* as well as *Blakely.*

In this case, the jury found that the quantity of drugs was 500 grams or more of cocaine, which triggered the first five year minimum mandatory. The fact of a prior felony drug conviction, which triggered the second mandatory minimum of an additional five years, falls outside of *Blakely* and into the exception carved out by *Apprendi* and approved by *Blakely,* namely, the fact of a prior conviction, which need not be determined by a jury in order for a judge to increase a sentence.[3]

Defendant agrees that *Blakely* is not implicated in the first five year minimum mandatory, but asserts that *Blakely* does apply to the imposition of the increased minimum mandatory sentence of an additional five years, stating that the jury should have been told that if the defendant is found guilty, whatever sentence given, if any, would be automatically increased by an additional mandatory five years. Such presentation to the jury by the government would be highly prejudicial to the defendant, if the existence of a prior conviction were intimated or revealed in the government's case in chief. In any event, however, the position of defendant is rejected by the court because the second five year minimum mandatory comes squarely within the exception stated in *Apprendi* concerning an enhancement which results from "the fact of a prior conviction" need not be submitted to a jury. Accordingly, this court rules that *Blakely* does not prevent the application of either the original five years or the increase to ten years by reason of the minimum mandatory provisions.

### 3. APPLICATION OF THE "SAFETY VALVE" IN THIS CASE

The next consideration is whether the defendant qualifies for the Safety Valve,

---

**2.** "The Federal Guidelines are not before us, and we express no opinion on them." 124 S.Ct. at 2538 n. 9.

**3.** *Apprendi,* 530 U.S. at 490, 120 S.Ct. 2348.

thus allowing the court to sentence below the minimum mandatory level.

There are five requirements a defendant must meet in order for the Safety Valve to apply:

1. the defendant does not have more than 1 criminal history point, as determined under the sentencing guidelines;

2. the defendant did not use violence or credible threats of violence or possess a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;

3. the offense did not result in death or serious bodily injury to any person;

4. the defendant was not an organizer, leader, manager, or supervisor of others in the offense, as determined under the sentencing guidelines and was not engaged in a continuing criminal enterprise, as defined in section 408 of the Controlled Substances Act; and

5. no later than the time of the sentencing hearing, the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were a part of the same course of conduct or of a common scheme or plan, but the fact that the defendant has no relevant or useful other information to provide or that the Government is already aware of the information shall not preclude a determination by the court that the defendant has complied with this requirement.

18 U.S.C. § 3553(f); U.S.S.G. § 5C1.2

Both sides agree that all of these factual determinations can be made by a judge under the preponderance of evidence standard, rather than proof beyond a reasonable doubt. *Blakely* does not require a jury to determine facts that would *decrease* rather than increase a sentence. Since the Safety Valve is a provision that would decrease a sentence below mandatory minimums, *Blakely* is not implicated. The parties do not dispute the matter and the court determines, in this case only, that it can make the factual findings under the Safety Valve without regard to *Blakely*.

The government makes the additional argument that even if the defendant meets all of the requirements of the Safety Valve provision, the court cannot apply it in this case because the minimum mandatory statute § 841(b)(1)(B) must be applied and not diminished in spite of the provisions of § 3553(f) concerning cases where a defendant has a prior drug felony conviction. In support of this argument, the government points to the language of § 3553(f) which reads:

Notwithstanding any other provision of law, in the case of an offense under ... 21 U.S.C. 841 ... the court shall impose a sentence pursuant to the guidelines promulgated by the United States Sentencing Commission under section 994 of title 28 without regard to any statutory minimum.

18 U.S.C. § 3553(f). The government reads this language to mean that the specified offenses, such as § 841(b)(1)(B), do not qualify for reduction under § 3553(f) where the one criminal history point required to qualify is derived from a drug offense. Notwithstanding, since the legislation was specifically designed to provide relief to first time non-violent actions by drug offenders, it is difficult to imagine why non-qualification should result simply because the necessary minimum of one criminal history point was a drug offense. The result is claimed to be that the court must sentence according to the guidelines of 120 months, because that is the range provided by § 841(b)(1)(B).

■ This court rules that this defendant may qualify for application of the Safety Valve if all of the five requirements are met, whether or not the criminal history of one point related to a prior drug offense. Manifestly, the purpose of the Safety Valve law would be thwarted if a defendant who meets all of the criteria cannot be aided by the very law which was meant to provide relief to such persons. It would be incredibly draconian if an additional five years were imposed because of a prior drug offense, preventing the application of the Safety Valve law, which was meant to provide a measure of relief in drug cases.

Upon review of the record, including the debriefing of defendant and the proffer presented at the sentencing hearing conducted on October 7, 2004, this court finds by a preponderance of the evidence that all five criteria of the Safety Valve have been met, and that this defendant qualifies under that provision of law. Accordingly, this court holds in this case that the requirements of § 3553(f) apply, thus permitting the court to impose a sentence below the 120 month mandatory minimums to a sentence based upon the Guideline range and application of whatever credits are available including a two level reduction pursuant to U.S.S.G. § 2D1.1(b)(6).

4. *A DEFENDANT WHO EXERCISES HER CONSTITUTIONAL RIGHT TO A TRIAL MAY NEVERTHELESS QUALIFY FOR ACCEPTANCE OF RESPONSIBILITY, BUT DEFENDANT DOES NOT QUALIFY IN THIS CASE*

The defendant argues that he should receive credit for acceptance of responsibility even though he chose to go to trial rather than plead guilty to the charge against him. The U.S. Sentencing Guidelines at § 3E1.1 provides:

*Acceptance of Responsibility*

(a) If the defendant clearly demonstrates acceptance of responsibility for his offense, decrease the offense level by 2 levels.

(b) If the defendant qualifies for a decrease under subsection (a), the offense level determined prior to the operation of subsection (a) is level 16 or greater, and upon motion of the government stating that the defendant has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the court to allocate their resources efficiently, decrease the offense level by 1 additional level.

U.S.S.G. § 3E1.1

There is nothing in the language of this section which per se would preclude the giving of credit for acceptance of responsibility for a defendant who has exercised his Constitutional right to a jury trial rather than plead guilty. The Application Note, however, indicates that defendants who provide such acceptance after a trial in which a guilty verdict is returned only rarely may so qualify. Application Note 2 under U.S.S.G. § 3E1.1 reads:

2. This adjustment is not intended to apply to a defendant who puts the government to its burden of proof at trial by denying the essential factual elements of guilt, is convicted, and only then admits guilt and expresses remorse. *Conviction by trial, however, does not automatically preclude a defendant from consideration for such a reduction. In rare situations* a defendant may clearly demonstrate an acceptance of responsibility for his criminal conduct even though he exercises his constitutional right to a trial. This may occur, for example, where a defendant

goes to trial to assert and preserve issues that do not relate to factual guilt (e.g., to make a constitutional challenge to a statute or a challenge to the applicability of a statute to his conduct). *In each such instance, however, a determination that a defendant has accepted responsibility will be based primarily upon pre-trial statements and conduct.* U.S.S.G § 3E1.1, note 2 (emphasis added).

This Application Note appears to be an unwarranted expansion of § 3E1.1, particularly in its reference to rarity and the necessity that acceptance of responsibility must be based primarily on pre-trial statements and conduct. Each case should be adjudged on its own particular facts, free from such restrictions. *Blakely* does not apply to credit for acceptance of responsibility because nothing prevents a judge from making factual determinations about the applicability of reductions in sentences.

The government's position is that the defendant should not get credit for acceptance of responsibility because he went to trial which *per se* establishes a lack of acceptance. The government concedes, however, that there might be an instance where a defendant goes to trial and should be given credit for acceptance under the restrictive language of the Application Note. This court is of the opinion that a defendant who chooses to exercise his Constitutional right to a jury trial should not be denied acceptance of responsibility if he demonstrates acceptance, upon a factual determination by the court, whether such is supplied before or after trial.

█ In this case defendant consistently denied involvement in the conduct which lead to the charges and only after the guilty verdict was rendered did he accept responsibility for a part of the conduct involved. Therefore, in this case, the defendant has not shown that even though he quite understandably exercised his Constitutional right to a trial by jury he should

be given credit for acceptance of responsibility. This court finds by a preponderance of the evidence that defendant did not accept responsibility in a full manner, and therefore does not qualify for the reduction of offense levels which otherwise would be allowed. Credit for acceptance of responsibility, therefore, is denied.

This court imposes a sentence of 51 months, which is based on an offense level of 26 with a reduction of two levels pursuant to Guideline § 2D1.1(b)(6) for application of the Safety Valve, which sentence is in parity with the sentence given to co-defendant Able Parra except for the denial of points for acceptance of responsibility.

IT IS SO ORDERED.

DATED this *20th* day of *Oct.*, 2004.