# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Harry Edgar Farmer,**
**Petitioner Below, Petitioner**

**FILED**

February 22, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)   No. 11-1440** (Kanawha County 11-MISC-146)

**Evelyn Seifert, Warden, Northern Correctional Facility,**
**Respondent Below, Respondent**

## MEMORANDUM DECISION

Petitioner Harry Edgar Farmer, *pro se*, appeals the April 13, 2011 order of the Circuit Court of Kanawha County dismissing without prejudice his petition for a writ of habeas corpus in which he argued that he should be resentenced under West Virginia Code § 61-2-14a, the kidnaping statute. The respondent warden, by C. Casey Forbes, her attorney, filed a summary response to which petitioner filed a reply.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Revised Rules of Appellate Procedure.

On December 9, 1991, petitioner went to the Hardees in Marmet, West Virginia, where his wife, Pauline Farmer, worked to talk to her about their marital problems. When Ms. Farmer arrived at work with her friend, Diana Petry, petitioner, with his gun, demanded that Ms. Farmer and Ms. Petry get into Ms. Petry's car. After petitioner had driven the car less than a block, he released Ms. Petry.

Petitioner then drove Ms. Farmer to a remote cemetery in Boone County. Although the evidence was conflicting, there was evidence that petitioner threatened to kill himself and his wife. In an attempt to calm things down, Ms. Farmer told petitioner that she would reconcile with him, but she needed to return the car to her friend. Petitioner allowed Ms. Farmer to leave alone in the car.

In the meantime, the Marmet police were informed of the situation, and they asked Arlie Sutphin, who had retired from the Kanawha County Sheriff's Department as a sergeant and was

1

then working as a private investigator, to locate petitioner. Mr. Sutphin located and arrested petitioner.

Eventually, petitioner was indicted for two counts of kidnapping and one count of aggravated robbery. The jury found petitioner guilty of one count of kidnapping with a recommendation of mercy. The jury also found petitioner guilty of joyriding. The Circuit Court of Kanawha County sentenced petitioner to ninety years for the kidnapping and six months for the joyriding to run concurrently.

In *State v. Farmer*, 193 W.Va. 84, 454 S.E.2d 378 (1994), this Court affirmed petitioner's conviction and sentence. In relation to Mr. Farmer's sentence, the Court found first that the findings a judge makes for the purposes for sentencing under the kidnapping statute, West Virginia Code § 61-2-14a, do not constitute elements of the crime and, therefore, a defendant's right to a jury trial is not violated.[1] Second in relation to Mr. Farmer's sentence, this Court found that "the circuit court's sentencing is not subject to appellate review since it did not base [petitioner]'s sentence on some impermissible factor," citing *State v. Goodnight,* 169 W.Va. 366, 287 S.E.2d 504 (1982), and noting that the circuit court took into consideration petitioner's prior convictions. 193 W.Va. at 88, 454 S.E.2d at 382. In making this second finding, the Court noted that § 61-2-14a (at the time) provided for open-ended sentencing in cases like Mr. Farmer's.[2] Explaining that

---

[1] *See also* Syl. Pt. 2, *State v. Haught*, 218 W.Va. 462, 624 S.E.2d 899 (2005) (holding that the West Virginia kidnapping statute "does not provide for the enhancement of a defendant's sentence beyond the statutory maximum based on additional facts found by the trial judge in violation of the constitutional right to a trial by jury as interpreted by the United States Supreme Court in *Blakely v. Washington,* 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004)"), *cert. denied*, 547 U.S. 1133 (2006).

[2] As quoted in *Farmer*, the version of the statute then in effect provided in pertinent part as follows:

> If any person, by force, threat, duress, fraud or enticement take, confine, conceal, or decoy, inveigle or entice away, or transport into or out of this State or within this State, or otherwise kidnap any other person, for the purpose or with the intent of taking, receiving, demanding or extorting from such person, or from any other person or persons, any ransom, money or other thing, or any concession or advantage of any sort, or for the purpose or with the intent of shielding or protecting himself or others from bodily harm or of evading capture or arrest after he or they have committed a crime, he shall be guilty of a felony, and, upon conviction, shall be punished by confinement in the penitentiary for life, and he, . . . shall not be eligible for parole: provided, That the jury may, in their discretion, recommend mercy, and if such recommendation is added to their verdict, such person shall be eligible for parole . . . Provided further, That in all cases where the person against whom the offense is

2

open-ended sentences can be subject to review for proportionality, this Court declined to undertake such a review because "[petitioner] does not argue that his sentence violates the proportionality principle of the *West Virginia Constitution*." 193 W.Va. at 88 n. 5, 454 S.E2d at 382 n. 5.

In 2000, this Court refused petitioner's appeal from a July 2, 1999 order of the circuit court summarily denying a petition for a writ of habeas corpus without a hearing. The circuit court's order indicated that petitioner had filed a prior habeas corpus petition in 1998, which was also summarily denied. On November 22, 2004, petitioner filed an original jurisdiction habeas petition in this Court alleging that his ninety year sentence was disproportionate and constituted cruel and unusual punishment. This Court refused petitioner's petition in an order entered May 26, 2005.

Petitioner filed his instant habeas petition in the circuit court.[3] Petitioner argued that he should be resentenced under West Virginia Code § 61-2-14a. In so arguing, petitioner alluded to the 1999 version of the kidnapping statute which replaced the indeterminate sentence of not less than ten years, for when the victim was returned without bodily harm and without any concession being yielded, with a definite term of ten to thirty years.[4] Petitioner also made an application to have counsel appointed.

---

committed is returned, or is permitted to return, alive, without bodily harm having been inflicted upon him, but after ransom, money or other thing, or any concession or advantage of any sort has been paid or yielded, the punishment shall be confinement in the penitentiary for any term of years not less than twenty: *And provided further, That in all cases where the person against whom the offense is committed is returned, or is permitted to return, alive, without bodily harm having been inflicted upon him, but without ransom, money or other thing, or any concession or advantage of any sort having been paid or yielded, the punishment shall be confinement in the penitentiary for any term of years not less than ten.*

193 W.Va. at 87 n. 2, 454 S.E.2d at 381 n. 2 (quoting W.Va. Code, 61–2–14a (1965)) (emphasis by the Court).

[3] The instant petition was initially filed in the Circuit Court of Marshall County. It was subsequently transferred to the Circuit Court of Kanawha County.

[4] In 2012, the legislature rewrote West Virginia Code § 61-2-14a, to be effective from June 8, 2012, but did not alter the ten to thirty sentence for when the victim was returned without bodily harm and without any concession being yielded. *See* W.Va. Code § 61-2-14a (as amended by 2012 W.Va. Acts c. 90).

In an order entered April 13, 2011, the circuit court dismissed petitioner's instant petition without prejudice, citing Rule 4(c) of the West Virginia Rules Governing Post-Conviction Habeas Corpus Proceedings, which provides in pertinent part as follows: "If the petition contains a mere recitation of grounds without adequate factual support, the court may enter an order dismissing the petition, without prejudice, with directions that the petition be refiled containing adequate factual support. The court shall cause the petitioner to be notified of any summary dismissal."[5] As part of its order, the circuit court directed that "[t]he Clerk of this Court shall serve a copy of this order upon the petitioner."

Petitioner perfected his appeal from the circuit court's dismissal without prejudice of his habeas petition on July 13, 2011. This Court entered an amended scheduling order on February 24, 2012, directing the respondent warden to file a responsive brief or a summary response within twenty days of the date of its order.[6] The respondent warden filed a summary response on March 9, 2012. Petitioner then filed his reply brief on April 2, 2012.

The following standard of review applies in habeas cases:

> In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review.

Syl. Pt. 1, *Mathena v. Haines*, 219 W.Va. 417, 633 S.E.2d 771 (2006).

Petitioner argues that his sentence for kidnapping should be reduced from ninety years to a definite term of ten to thirty years consistent with West Virginia Code § 61-2-14a(a)(4) (1999) which sets forth the sentencing range for kidnapping for when the victim was returned without bodily harm and without any concession being yielded. The respondent warden argues that petitioner is not entitled to be resentenced to ten to thirty years because the 1999 version of the kidnapping statute was not enacted until eight years after the commission of the offense, seven years after petitioner had been sentenced, and five years after petitioner had finalized his direct appeal. After careful consideration, this Court concludes that the respondent warden is correct that petitioner's claim that he should be resentenced consistent with the 1999 version of the statute lacks substantial merit.

---

[5] In determining that no hearing was required on the instant petition, the circuit court also cited Syllabus Point One of *Perdue v. Coiner*, 156 W.Va. 467, 194 S.E.2d 657 (1973) ("A court having jurisdiction over habeas corpus proceedings may deny a petition for a writ of habeas corpus without a hearing and without appointing counsel for the petitioner if the petition, exhibits, affidavits or other documentary evidence filed therewith show to such court's satisfaction that the petitioner is entitled to no relief.").

[6] The original deadline was December 5, 2011.

The record contains support for petitioner's assertion that he has yet to have a habeas corpus omnibus hearing. However, the circuit court adequately addressed this by making the dismissal of petitioner's instant petition without prejudice pursuant to Rule 4(c), supra. Therefore, after careful consideration, this Court concludes that the circuit court did not abuse its discretion in dismissing petitioner's petition.[7]

For the foregoing reasons, we find no error in the decision of the Circuit Court of Kanawha County and affirm its April 13, 2011 order dismissing without prejudice petitioner's petition for a writ of habeas corpus.[8]

Affirmed.

**ISSUED:** February 22, 2013

**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

---

[7] Consistent with Rule 4(c), petitioner may file a subsequent petition provided that he has "adequate factual support" for the claims therein.

[8] In addition to their substantive arguments, each of the parties made a procedural argument based on alleged non-compliance with the Revised Rules of Appellate Procedure. Because the appeal is resolved on its merits, this Court declines to address those issues.