## STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs) No. 11-1494** (Kanawha County 10-F-787)

**Jeremy Lyle Shultz,**
**Defendant Below, Petitioner**

**FILED**

April 16, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

### MEMORANDUM DECISION

Petitioner's appeal, by counsel L. Thompson Price, arises from the Circuit Court of Kanawha County, wherein he was sentenced to a term of incarceration of life, with mercy, for his conviction of kidnapping with the use of a firearm by order entered on September 22, 2011. The State, by counsel Marland L. Turner, has filed its response, to which petitioner has filed a reply.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Following a jury trial in February of 2011, petitioner was convicted of one count of kidnapping with the use of a firearm, one count of first degree robbery, and one count of conspiracy. Petitioner was thereafter sentenced to a term of incarceration of life, with mercy, for his kidnapping conviction, a determinate term of incarceration of ten years for his robbery conviction, and a term of incarceration of one to five years for his conspiracy conviction. Those sentences were ordered to run consecutively. On appeal, petitioner alleges that the circuit court erred in directing that he display his tattoos to the jury, in failing to dismiss the charge of kidnapping, imposing a disproportionate penalty for kidnapping, and in violating his due process rights.

In support of his first assignment of error, petitioner argues that the circuit court failed to weigh the probative value of the tattoo display against its prejudicial effect as required by Syllabus Point 2 of *State v. Meade*, 196 W.Va. 551, 474 S.E.2d 481 (1996). According to petitioner, he was unduly prejudiced when the jury saw his regional jail identification wristband. Further, he argues that the witness had already identified him and therefore the confirmation of his tattoos was cumulative and lacked probative value. Second, petitioner argues it was error to fail to dismiss the kidnapping charge because that crime was incidental to the robbery. Third, petitioner argues that his sentence is disproportionate because of petitioner's age, victim

1

statements, and evaluations and recommendations made in advance of sentencing. According to petitioner, the victim was permitted to return alive without bodily harm and the appropriate sentence should have been an indeterminate term of incarceration of ten to thirty years. Lastly, petitioner alleges that his due process rights were violated when the circuit court failed to consider the various punishments available under West Virginia Code § 61-2-14A.

In response, the State argues that petitioner waived any complaint as to the direction to reveal his tattoos by failing to object. Further, the State argues that petitioner's counsel actually conceded the relevance of the tattoos, that nothing in the record indicates that the circuit court failed to weigh the appropriate factors, and that petitioner has failed to pinpoint any prejudicial effect from the display. As to petitioner's second assignment of error, the State argues that dismissal of the kidnapping charge was not warranted because the State presented sufficient evidence that the kidnapping was not necessary or incidental to the robbery in question. As to petitioner's third assignment of error, the State argues that the sentence for kidnapping was not unconstitutionally disproportionate because it was within the statutory guidelines. Lastly, the State argues that petitioner's due process rights were not violated because the statute in question does not provide for an enhancement beyond the statutory maximum.

"'The Supreme Court of Appeals reviews sentencing orders . . . under a deferential abuse of discretion standard, unless the order violates statutory or constitutional commands.' Syl. Pt. 1, in part, *State v. Lucas*, 201 W.Va. 271, 496 S.E.2d 221 (1997)." Syl. Pt. 1, *State v. James*, 227 W.Va. 407, 710 S.E.2d 98 (2011). First, the Court finds no error in the circuit court's decision to have petitioner display his tattoos. The record shows that petitioner's counsel had more than one opportunity to object to the request, which he failed to do even after the circuit court specifically asked if there was any objection. We have previously held that "'[o]ur general rule is that nonjurisdictional trial error not raised in the trial court will not be addressed on appeal.' Syllabus Point 9, *State v. Humphrey*, 177 W.Va. 264, 351 S.E.2d 613 (1986)." Syl. Pt. 4, *State v. Smith*, 178 W.Va. 104, 358 S.E.2d 188 (1987). Further, petitioner has failed to establish any specific prejudicial effect from the display. As such, the Court finds that petitioner has failed to establish that the circuit court did not comply with the requirements of Syllabus Point 2 of *State v. Meade*, 196 W.Va. 551, 474 S.E.2d 481 (1996).

As to petitioner's second assignment of error, we have previously held that

"[a] criminal defendant challenging the sufficiency of the evidence to support a conviction takes on a heavy burden. An appellate court must review all the evidence, whether direct or circumstantial, in the light most favorable to the prosecution and must credit all inferences and credibility assessments that the jury might have drawn in favor of the prosecution. The evidence need not be inconsistent with every conclusion save that of guilt so long as the jury can find guilt beyond a reasonable doubt. Credibility determinations are for a jury and not an appellate court. Finally, a jury verdict should be set aside only when the record contains no evidence, regardless of how it is weighed, from which the jury could find guilt beyond a reasonable doubt. To the extent that our prior cases are

2

inconsistent, they are expressly overruled." Syl. Pt. 3, *State v. Guthrie*, 194 W.Va. 657, 461 S.E.2d 163 (1995).

Syl. Pt. 5, *State v. Broughton*, 196 W.Va. 281, 470 S.E.2d 413 (1996). Upon our review, the Court finds that the evidence was sufficient to support petitioner's conviction for kidnapping, especially in light of our prior holding in *State v. Miller*, 175 W.Va. 616, 336 S.E.2d 910 (1985). We have previously held that

> [i]n interpreting and applying a generally worded kidnapping statute, such as W.Va.Code, 61-2-14a, in a situation where another offense was committed, some reasonable limitations on the broad scope of kidnapping must be developed. The general rule is that a kidnapping has not been committed when it is incidental to another crime. In deciding whether the acts that technically constitute kidnapping were incidental to another crime, courts examine the length of time the victim was held or moved, the distance the victim was forced to move, the location and environment of the place the victim was detained, and the exposure of the victim to an increased risk of harm.

Syl. Pt. 2, *State v. Miller*, 175 W.Va. 616, 336 S.E.2d 910 (1985). Our review of the record shows that the victim in this matter was transported for approximately five minutes from an area of relative safety to a more secluded location where he was exposed to an increased risk of harm. As such, we find that the kidnapping in question was not incidental to the robbery and that the evidence was sufficient to support petitioner's conviction.

As to petitioner's argument concerning his sentence for kidnapping, the Court finds no error. Petitioner argues that he should have been entitled to a lesser sentence because of mitigating factors found in West Virginia Code § 61-2-14A. However, we have previously held that

> [i]n order for a defendant to be sentenced for a kidnapping conviction to a term of years not less than twenty or a term or years not less than ten as provided in W.Va.Code § 61–2–14a (1965), the circuit court must make a finding that the victim was "returned or permitted to be returned" in addition to making findings as to whether the defendant inflicted bodily harm on the victim and whether ransom, money, or any other concession was made.

Syl. Pt. 1, *State v. King*, 205 W.Va. 422, 518 S.E.2d 663 (1999). The record shows that the circuit court made none of the findings required to decrease petitioner's sentence. As such, petitioner was appropriately sentenced within the guidelines established in West Virginia Code § 61-2-14A, and we have previously held that "'[s]entences imposed by the trial court, if within statutory limits and if not based on some [im]permissible factor, are not subject to appellate review.' Syllabus Point 4, *State v. Goodnight*, 169 W.Va. 366, 287 S.E.2d 504 (1982)." Syl. Pt. 6, *State v. Slater*, 222 W.Va. 499, 665 S.E.2d 674 (2008).

3

Lastly, we find no merit in petitioner's argument that the circuit court's application of West Virginia Code § 61-2-14A violated his due process rights. We have previously addressed the constitutionality of the statute in question and found that

> [o]ur kidnaping statute, W.Va.Code § 61-2-14a (1999), does not provide for the enhancement of a defendant's sentence beyond the statutory maximum based on additional facts found by the trial judge in violation of the constitutional right to a trial by jury as interpreted by the United States Supreme Court in *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004).

Syl. Pt. 2, *State v. Haught*, 218 W.Va. 462, 624 S.E.2d 899 (2005). As such, we find no merit in petitioner's final assignment of error.

For the foregoing reasons, the circuit court's sentencing order is hereby affirmed.

Affirmed.

**ISSUED**: April 16, 2013

**CONCURRED IN BY**:

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

4