IN THE SUPREME COURT OF APPEALS OF WEST VIRGINIA

September 2019 Term

_____

No. 19-0073

_____

STATE OF WEST VIRGINIA,
Petitioner

v.

DANIEL SCOTT SCRUGGS,
Respondent

**FILED**

**November 21, 2019**

**released at 3:00 p.m.**
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

_____

Certified Questions from the Circuit Court of Jefferson County
The Honorable David Hammer, Judge
Criminal Action No. CC-19-2018-F-143

CERTIFIED QUESTIONS ANSWERED

_____

Submitted: October 29, 2019
Filed: November 21, 2019

Patrick Morrisey, Esq.
Attorney General
Mary Beth Niday, Esq.
Assistant Attorney General
Charleston, West Virginia
Counsel for the Petitioner

Gregory V Smith, Esq.
Law Office of Gregory V Smith
Martinsburg, West Virginia
Counsel for the Respondent

JUSTICE ARMSTEAD delivered the Opinion of the Court.

SYLLABUS BY THE COURT

1.      "When a certified question is not framed so that this Court is able to fully address the law which is involved in the question, then this Court retains the power to reformulate questions certified to it under both the Uniform Certification of Questions of Law Act found in *W.Va. Code,* 51-1A-1, *et seq.* and *W.Va. Code,* 58-5-2 [1967], the statute relating to certified questions from a circuit court of this State to this Court." Syl. Pt. 3, *Kincaid v. Mangum,* 189 W.Va. 404, 432 S.E.2d 74 (1993).

2.      "The appellate standard of review of questions of law answered and certified by a circuit court is *de novo.*" Syl. Pt. 1, *Gallapoo v. Wal-Mart Stores, Inc.,* 197 W.Va. 172, 475 S.E.2d 172 (1996).

3.      "Our kidnapping statute, W.Va. Code § 61-2-14a (1999), does not provide for the enhancement of a defendant's sentence beyond the statutory maximum based on additional facts found by the trial judge in violation of the constitutional right to a trial by jury as interpreted by the United States Supreme Court in *Blakely v. Washington,* 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004)." Syl. Pt. 2, *State v. Haught,* 218 W.Va. 462, 624 S.E.2d 899 (2005).

4.      Our kidnapping statute, W. Va. Code § 61-2-14a (2017), does not provide for the enhancement of a defendant's sentence beyond the statutory minimum or maximum based on additional facts found by the trial judge and does not implicate the prohibition announced in *Alleyne v. United States,* 570 U.S. 99 (2013).

i

5. "The submission of special interrogatories to a jury in a criminal case when not authorized by statute constitutes reversible error." Syl. Pt. 2, *State v. Dilliner,* 212 W.Va. 135, 569 S.Ed. 2d 211 (2002).

ARMSTEAD, Justice:

In this case we consider two certified questions regarding West Virginia's kidnapping statute, W. Va. Code § 61-2-14a (2017). After exercising our authority to reformulate the certified questions, and after considering the parties' briefs, relevant portions of the joint appendix record, oral arguments, and the pertinent law, we answer the reformulated certified questions as follows:

1. Whether the trial judge, rather than the jury, is vested with the authority under West Virginia Code § 61-2-14a(b)(3) and (4), to determine those facts that reduce the minimum and maximum penalty of life imprisonment without eligibility for parole, for a person convicted of kidnapping?
   Answer: Yes

2. Whether, in the absence of a constitutional or statutory requirement that special interrogatories be submitted to a jury in a kidnapping case, a trial court exceeds its legitimate authority and abuses its discretion in submitting special interrogatories to determine those facts that reduce the minimum and maximum penalty of life imprisonment without eligibility for parole, for a person convicted of kidnapping?
   Answer: Yes.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On September 19, 2018, the Respondent Daniel Scott Scruggs ("Scruggs") was indicted for kidnapping in violation of W. Va. Code § 61-2-14a.[1] During a pretrial hearing, the circuit court requested briefing from the parties as to whether the United States

---

[1] In addition to the one count for kidnapping, Scruggs was also indicted for seven other violations. As the other seven counts of the indictment are not implicated in the certified questions before this Court, they will not be addressed.

1

Supreme Court's decision in *Alleyne v. United States,* 570 U.S. 99 (2013) has impacted the holding of Syllabus point 2 of *State v. Haught,* 218 W.Va. 462, 624 S.E.2d 899 (2005) so that a jury would now need to make additional determinations when considering a kidnapping charge. Another pretrial hearing was held and the parties discussed whether the judge or the jury should make determinations found in W. Va. Code § 61-2-14a(b)(3) and (4). The parties also discussed the propriety of submission of special interrogatories to the jury in a kidnapping case. The State of West Virginia ("State") argued that the circuit court judge had the authority to decide the issues regarding whether a person is returned without bodily harm and before some concession had been received. The circuit court did not agree with the State's position, and it was decided that Scruggs' trial would be continued so that these issues could be brought before this Court for consideration.

The Court entered its Order Certifying Questions on January 23, 2019. The circuit court proposed two certified questions. The two questions, and the circuit court's answers are as follows:

1. Whether a jury must decide those facts that in all kidnapping cases must result in a lesser (or greater) sentence?
   Answer: Yes.

2. Whether, in the absence of a constitutional requirement that special interrogatories be submitted to a jury in a kidnapping case, a trial court exceeds its legitimate authority and abuses its discretion in submitting special interrogatories for the jury's determination of whether the victim was returned unharmed, and if so, at what juncture?
   Answer: No.

2

The State and Scruggs both agree that the trial judge, not the jury, should determine those facts that are found in W. Va. Code § 61-2-14a(b)(3) and (4). Further, the State and Scruggs also agree that a trial court exceeds its legitimate authority and abuses its discretion if it submits special interrogatories to the jury in a kidnapping case, in the absence of a statutory requirement.

## II.  STANDARD OF REVIEW

"The appellate standard of review of questions of law answered and certified by a circuit court is *de novo*[,]" Syl. Pt. 1, *Gallapoo v. Wal-Mart Stores, Inc.*, 197 W.Va. 172, 475 S.E.2d 172 (1996), meaning that "we give plenary consideration to the legal issues that must be resolved to answer the question" certified by the circuit court. *Michael v. Appalachian Heating, LLC,* 226 W.Va. 394, 398, 701 S.E.2d 116, 120 (2010).

## III.  DISCUSSION

Prior to addressing the issues raised in this proceeding, we exercise our authority to reformulate the questions certified by the circuit court in order to fully address the legal issues presented.

> When a certified question is not framed so that this Court is able to fully address the law which is involved in the question, then this Court retains the power to reformulate questions certified to it under both the Uniform Certification of Questions of Law Act found in *W.Va. Code,* 51-1A-1, *et seq.* and *W.Va. Code,* 58-5-2 [1967], the statute relating to certified questions from a circuit court of this State to this Court.

Syl. Pt. 3, *Kincaid v. Mangum,* 189 W.Va. 404, 432 S.E.2d 74 (1993).

3

Consistent with our authority to do so, we reformulate the questions certified as follows:

1.      Whether the trial judge, rather than the jury, is vested with the authority under West Virginia Code § 61-2-14a(b)(3) and (4), to determine those facts that reduce the minimum and maximum penalty of life imprisonment without eligibility for parole, for a person convicted of kidnapping?

2.      Whether, in the absence of a constitutional or statutory requirement that special interrogatories be submitted to a jury in a kidnapping case, a trial court exceeds its legitimate authority and abuses its discretion in submitting special interrogatories to determine those facts that reduce the minimum and maximum penalty of life imprisonment without eligibility for parole, for a person convicted of kidnapping?

We will address each of these questions in turn.

### A.   *"Judge or Jury"*

In the first certified question, we are asked to determine whether the trial judge or the jury should determine the facts that will reduce a criminal defendant's sentence from life to a term of years. Answering this question requires us to examine our kidnapping statute.   Therefore, we begin our analysis with a review of our rules of statutory interpretation.   This Court has held that in deciding the meaning of a statutory provision, "[w]e look first to the statute's language.   If the text, given its plain meaning, answers the interpretive question, the language must prevail and further inquiry is foreclosed." *Appalachian Power Co. v. State Tax Dep't of W. Va*., 195 W.Va. 573, 587, 466 S.E.2d 424, 438 (1995).  *See also* Syl. Pt. 2, *Crockett v. Andrews*, 153 W.Va. 714, 172 S.E.2d 384

4

(1970) ("Where the language of a statute is free from ambiguity, its plain meaning is to be accepted and applied without resort to interpretation."); and Syl. Pt. 2, *State v. Epperly*, 135 W.Va. 877, 65 S.E.2d 488 (1951) ("A statutory provision which is clear and unambiguous and plainly expresses the legislative intent will not be interpreted by the courts but will be given full force and effect."). Additionally, this Court has held that "[a] statute is open to construction only where the language used requires interpretation because of ambiguity which renders it susceptible of two or more constructions or of such doubtful or obscure meaning that reasonable minds might be uncertain or disagree as to its meaning." *Sizemore v. State Farm Gen. Ins. Co.,* 202 W.Va. 591, 596, 505 S.E.2d 654, 659 (1998) (internal quotations and citation omitted).

With these rules of statutory construction in mind, we examine W. Va. Code § 61-2-14a. It provides:

> (a) Any person who unlawfully takes custody of, conceals, confines or restrains another person against his or her will by means of force, threat of force, duress, fraud, deceit, inveiglement, misrepresentation or enticement with the intent:
>
> (1) To hold another person for ransom, reward or concession;
>
> (2) To transport another person with the intent to inflict bodily injury or to terrorize the victim or another person; or
>
> (3) To use another person as a shield or hostage, is guilty of a felony and, upon conviction, shall be punished by confinement by the Division of Corrections for life, and, notwithstanding the provisions of article

5

twelve [§§ 62-12-1 et seq.], chapter sixty-two of this code, is not eligible for parole.

Exceptions to the mandatory penalty of life imprisonment are found in subsection (b) of W. Va. Code § 61-2-14a:

(b)     The following exceptions apply to the penalty contained in subsection (a):

(1)     A jury may, in their discretion, recommend mercy, and if the recommendation is added to their verdict, the person is eligible for parole in accordance with the provisions of article twelve, chapter sixty-two of this code;

(2)     If the person pleads guilty, the court may, in its discretion, provide that the person is eligible for parole in accordance with the provisions of article twelve, chapter sixty-two of this code and, if the court so provides, the person is eligible for parole in accordance with the provisions of said article in the same manner and with like effect as if the person had been found guilty by the verdict of a jury and the jury had recommended mercy;

(3)     In all cases where the person against whom the offense is committed is returned, or is permitted to return, alive, without bodily harm having been inflicted upon him, but after ransom, money or other thing, or any concession or advantage of any sort has been paid or yielded, the punishment shall be confinement by the Division of Corrections for a definite term of years not less than twenty nor more than fifty; or

(4)     In all cases where the person against whom the offense is committed is returned, or is permitted to return alive, without bodily harm having been inflicted upon him or her, but without ransom, money or other thing, or any concession or advantage of any sort having been paid or yielded, the punishment shall be confinement by the Division of Corrections for a

6

definite term of years not less than ten nor more than thirty.

In its order, the circuit court found that West Virginia's kidnapping statute, W. Va. Code § 61-2-14a, contains a tiered sentencing structure. Specifically, the circuit court found that the statutory minimum sentence for kidnapping under W. Va. Code § 61-2-14a is a definite term of years not less than ten nor more than thirty. The circuit court described the second tier of the statutory sentence as a definite term of years not less than twenty nor more than fifty years. With respect to a life sentence, the circuit court noted:

> With the exception of a potential third-strike recidivist action, under no circumstances can a West Virginia kidnapper be sentenced to life in prison, unless a factual determination is made that he either 1) inflicted bodily harm on the victim, or 2) failed to return or permit the victim to return. W.Va. Code § 61-2-14a. Likewise, under no circumstances can a West Virginia kidnapper who returns his victim unharmed be sentenced to more than ten to thirty years, unless a factual determination is made that such a return occurred after some advantage had been obtained by the kidnapper.

The circuit court opined that a jury must determine the "correct sentencing tier of punishment." After the jury makes this determination, the circuit court will determine the number of years within that tier. The State and Scruggs disagree with the circuit court's analysis and believe that the trial court should make the factual findings under subsections (b)(3) and (b)(4) as those findings only serve to reduce the maximum and minimum penalty under the kidnapping statute. We agree.

7

In 2005, this Court considered whether the kidnapping statute violated a defendant's right to due process and trial by a jury. *State v. Haught,* 218 W.Va. 462, 624 S.E.2d 899 (2005). In *Haught,* the defendant challenged the kidnapping statute under the United States Supreme Court's holding in *Blakely v. Washington,* 542 U.S. 296 (2004).[2] The defendant argued that the kidnapping statute improperly permitted the circuit court, rather than the jury, to make findings of fact that enhanced his sentence. The State argued that the kidnapping statute was a sentence reduction statute that permitted the trial judge to reduce the defendant's sentence. This Court rejected the defendant's arguments and found that "it is perfectly reasonable to construe W.Va. § 61-2-14a as a statute that provides for the possible reduction of a defendant's sentence based on any additional findings by the trial judge and not one that permits the enhancement of a defendant's sentence." *Haught,* 218 W.Va. at 467, 624 S.E.2d at 904. This Court also noted that "it is clear to this Court that, pursuant to the statute, any additional findings of fact made by the trial judge can only operate under the statute to *reduce* and not *enhance* a defendant's sentence." *Id.* In deciding *Haught,* this Court held "[o]ur kidnapping statute, W.Va. Code § 61-2-14a (1999), does not provide for the enhancement of a defendant's sentence beyond the statutory maximum based on additional facts found by the trial judge in violation of the constitutional right to a trial by jury as interpreted by the United States Supreme Court

---

[2] In *Haught,* the defendant was found guilty of kidnapping and domestic battery. The jury recommended mercy. The circuit court found that the defendant did not return the victim unharmed and therefore, the defendant did not qualify for the exceptions to the life sentence. The defendant was sentenced to life with mercy as recommended by the jury.

in *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004)." Syl. Pt. 2, *Haught.*

We are now asked to revisit our kidnapping statute in light of the 2013 United States Supreme Court decision in *Alleyne v. United States,* 570 U.S. 99 (2013). In *Alleyne,* the United States Supreme Court held that "[a]ny fact that *increases* the mandatory minimum is an 'element' that must be submitted to the jury." *Alleyne,* 570 U.S. at 103 (emphasis added). The Supreme Court went on to note that the definition of "elements" includes "not only facts that increase the ceiling, but also those that increase the floor." *Alleyne,* 570 U.S. at 108.

First, we must look at the minimum sentence for a person convicted of kidnapping in West Virginia. Our statute is clear. A person convicted of kidnapping in West Virginia "shall be punished by confinement by the Division of Corrections for life, and . . . is not eligible for parole." W. Va. Code § 61-2-14a(a). In *Haught,* we noted that "[p]ursuant to W.Va. Code § 61-2-14a(a), our kidnapping statute, a person found guilty shall receive a sentence of life without the possibility of parole." *Haught*, 218 W. Va. at 464, 624 S.E.2d at 901. Although the *Haught* decision focused on the defendant's argument regarding the statutory maximum sentence for kidnapping, our prior finding regarding the punishment for a conviction of kidnapping remains the same -- life without the possibility of parole. This one sentence, life without the possibility of parole, is both the statutory maximum and minimum sentence for kidnapping in West Virginia. This one sentence can also be viewed as the default sentence. There is no harsher criminal sentence

9

in West Virginia.  By making findings as to whether a defendant inflicted bodily harm on a victim and whether, and if so, when ransom, money or other thing, or any concession or advantage of any sort has been paid or yielded, the trial judge can only *reduce* a defendant's maximum and minimum sentence, not enhance the sentence. For this reason, *Alleyne* is not implicated.

After submission of the certified questions in the instant case, the United States District Court for the Southern District of West Virginia ("District Court") undertook a thorough analysis of this issue as it relates to the kidnapping statute.  In *Shultz v. Terry,* No. 2:18-cv-00899, 2019 WL 1398071, at *2 (S.D. W.Va. Mar. 28, 2019), the petitioner argued that the *Alleyne* decision undermined this Court's holding in *Haught.*  The District Court disagreed and held that "[t]he fact that the statute . . . grants judges the authority to depart from th[e] mandatory sentence does not implicate the prohibition announced in *Alleyne v. United States,* 570 U.S. 99 (2013) as the statute does not allow judicial fact-finding to increase the mandatory minimum or maximum penalty." *Shultz v. Terry,* No. 2:18-cv-00899, 2019 WL 1398071, at *2 (S.D. W.Va. Mar. 28, 2019).  We agree with the District Court's reasoning and holding.

Therefore, we hold that our kidnapping statute, W. Va. Code § 61-2-14a (2017), does not provide for the enhancement of a defendant's sentence beyond the statutory minimum based on additional facts found by the trial judge and does not implicate the prohibition announced in *Alleyne v. United States,* 570 U.S. 99 (2013).

The reformulated certified question asked:

10

Whether the trial judge, rather than the jury, is vested with the authority under West Virginia Code § 61-2-14a(b)(3) and (4), to determine those facts that reduce the minimum and maximum penalty of life imprisonment without eligibility for parole, for a person convicted of kidnapping?

We answer the reformulated certified question in the affirmative.

### B. *"Special Interrogatories"*

The second question certified by the circuit court relates to the submission of special interrogatories in a kidnapping case. The State correctly points out that this Court has a longstanding history of acknowledging that special interrogatories should not be submitted to juries in criminal cases. As far back as 1921, this Court noted:

Statutes permitting findings to be required in response to interrogatories are held not to apply to criminal cases, for the reason that to so apply them would be to impair the right of trial by jury secured by the Constitution. It is one of the most essential features of the right of trial by jury that no jury should be compelled to find any but a general verdict in criminal cases, and the removal of this safeguard would violate its design and destroy its spirit.

*State v. Boggs,* 87 W.Va. 738, 749, 106 S.E. 47, 51-52 (1921) (quoting *Clementson on Special Verdicts*, p. 49).

In 1949, this Court held that a statute that provides for the submission of special interrogatories, W. Va. Code § 56-6-5, does not apply to criminal cases. *State v. Greater Huntington Theatre Corp.,* 133 W.Va. 252, 55 S.E.2d 681 (1949). The issue of submitting special interrogatories to juries in criminal cases did not come before this Court again until 2002, and at that time, this Court held that "[t]he submission of special interrogatories to a jury in a criminal case when not authorized by statute constitutes

11

reversible error." Syl. Pt. 2, *State v. Dilliner,* 212 W.Va. 135, 569 S.Ed. 2d 211 (2002). As we noted in *Dilliner,* there are reasons that special interrogatories in criminal cases are disfavored. They may "coerce the jurors into rendering a guilty verdict," *State v. Sheldon,* 301 N.W.2d 604, 614 (N.D.1980), or "destroy[] the ability of the jury to deliberate upon the issue of guilt or innocence free of extraneous influences." *State v. Simon,* 79 N.J. 191, 199, 398 A.2d 861, 865 (1979). The Legislature has enacted statutes relating to criminal activity that authorize the submission of special interrogatories.[3] However, the kidnapping statute is not one of the criminal statutes that authorizes the submission of special interrogatories to a jury. We see no reason to depart from our holding in *Dilliner.*

The reformulated certified question asked:

> Whether, in the absence of a constitutional or statutory requirement that special interrogatories be submitted to a jury in a kidnapping case, a trial court exceeds its legitimate authority and abuses its discretion in submitting special interrogatories to determine those facts that reduce the minimum and maximum penalty of life imprisonment without eligibility for parole, for a person convicted of kidnapping?

We answer the reformulated certified question in the affirmative.

---

[3] As we noted in *Dilliner,* at least two West Virginia statutes provide for the submission of a special interrogatory to a jury: W. Va. Code § 62-12-2 and W. Va. Code § 60A-4-406.

12

## IV. CONCLUSION

Having answered the reformulated certified questions, we remand this case to the Circuit Court of Jefferson County for further proceedings consistent with this opinion.

Certified questions answered.